McBRIDE, Judge.
This is a suit on a promissory note executed by defendant, payable to plaintiff’s order for $300, on which plaintiff claims $220.01 is unpaid, and the defense is that defendant was adjudged a bankrupt and was granted his discharge as such, and whereas plaintiff’s claim was duly listed on the bankruptcy schedules, the defendant is fully released from any indebtedness on the note.
After a trial in the lower court the suit was dismissed and plaintiff has appealed, contending that in connection with the transaction defendant signed and submitted what is referred to as a financial statement representing therein that he had no liabilities and that plaintiff relied upon the verity of such representation, which to the knowledge of defendant was false and untrue and was made by him for the purpose of deceiving and defrauding plaintiff, and that plaintiff was actually defrauded. Plaintiff points out that under the exception in Section 17, 11 U.S.C.A. § 35, a discharge does not have the effect of releasing the bankrupt’s liabilities for obtaining money or property by false pretenses or false representations.
Plaintiff is engaged in the business of lending money and defendant, its customer, had several small loan transactions with plaintiff, the first of which took place in 1955 when defendant borrowed an unstated amount; our impression, however, is that said loan was for $300; during 1956 defendant refinanced and renewed his indebtedness to plaintiff and executed in evidence thereof a new note for the amount due.
On May 31, 1957, defendant executed the note sued upon under the following circumstances: He, owing a balance of $265.14 on the 1956 renewal note, several installments on which were in arrears, called at plaintiff’s office seeking to increase the loan to $300 in order to get some ready cash and bring his account up to date. To induce plaintiff to enter into said transaction, defendant filled out a “financial statement” in which he declared that he owed no debts and liabilities writing the word “None” in the space provided for such declaration. At the time defendant was in fact indebted unto several persons in an amount in excess of $1,000. Plaintiff’s vice-president, who negotiated the transaction, stated that relying on defendant’s representation he owed no debts or liabilities, she permitted him to renew his indebtedness of $265.14 by executing a new note for $300 (the one sued upon), and she returned defendant’s old note and gave him the sum of $32.61 in cash. Defendant subsequently filed voluntary bankruptcy proceedings and ultimately was discharged.
Even if it be so defendant submitted a false and misleading financial statement to plaintiff in connection with the note, sued *300 upon, we do not think that the transaction, under the above circumstances and those related hereinafter, comes within the above-mentioned exception contained in Section 17, 11 U.S.C.A. § 35, for the reason plaintiff has not shown it has sustained any loss, financial or otherwise, as a result of the alleged false representation, it being incumbent on plaintiff to make such showing; otherwise the discharge in bankruptcy is to stand as a bar to a recovery on the claim.
In 6 American Jurisprudence, page 1008, Sec. 782 (1950) the following statement appears:
“The extension or renewal of an existing note is not the equivalent of ‘property’ within the meaning of the exception from discharge of a liability for obtaining money or property by false pretenses or false representations. Inducing the abandonment of a suit on a note and surrender of the instrument by a promise to pay the same, is not such fraud as will prevent the discharge of the debt in bankruptcy, although the promise was falsely made to secure time to conceal assets and take advantage of bankruptcy proceedings. The reason for the foregoing and other rules holding promises made to prevent the collection of an existing obligation not within the exception of liabilities for false pretenses or false representations is that the fraud must inhere in the inception of the obligation in order to bring a case within the exception.”
A similar statement may be found in 8 C.J.S. Bankruptcy, § 573, subd. a, p. 1513.
In Personal Finance Company of Lake Charles, Inc. v. Huber, La.App., 77 So.2d 740, our brothers of the First Circuit had before them a case, one phase of which was similar to the instant one. Therein a borrower gave the loan company a renewal note in the place and stead of one on which there was an outstanding indebtedness. The maker paid the finance company, in addition to giving the new note, a small sum of cash, and in connection with the transaction rendered a financial statement which proved to be false. After his discharge in bankruptcy, the creditor sued on the renewal note contending that the maker’s indebtedness thereon was not released by the discharge in bankruptcy because of the false statement he had made when executing the renewal note. It was held the transaction between the parties was not of such nature as to come within the exception of the Bankruptcy Act mentioned above, as the debtor merely by renewing the existing note had not received any “property” within the meaning of the exception. The court quoted the above passage from American Jurisprudence and also cited Corpus Juris Secundum as above.
Notwithstanding the case at bar presents the additional feature that the debtor actually received the sum of $32.61 in cash, we do not think it should be said the finance company was defrauded because it appears it suffered no financial loss whatever. Prior to his bankruptcy defendant repaid the sum of $79.99 on the note sued upon, or, in other words, he has paid back more than he received in cash when executing the note. Upon his bankruptcy defendant was actually indebted unto plaintiff for a lesser amount than he owed at the time the alleged false financial statement was made.
See, also, Equitable Securities Company v. Schwaner, La.App., 107 So.2d 330; Seybold Finance Service, Inc. v. Schwaner, La.App., 102 So.2d 317; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.
Therefore, the judgment appealed from is affirmed.
Affirmed.