McBRIDE, Judge.
By this suit plaintiff claims the principal sum of $234.23, which is allegedly the balance due on a certain promissory note for $300, payable in installments, executed by defendants, who present in defense of the suit a discharge in bankruptcy which they contend relieved them of liability on all debts listed in their bankruptcy schedules, among which is the indebtedness which plaintiff sues for. Plaintiff attacks the discharge in bankruptcy insofar as its claim is concerned on the ground that the indebt *374 edness arose when credit was extended defendants upon their presentation of a false financial statement, upon which plaintiff relied, and under the exception in 11 U.S.C.A. § 35, defendants’ discharge in bankruptcy does not have the effect of releasing them from the indebtedness by reason of their having obtained money or property by false pretenses or false representations.
Defendants appealed from a judgment rendered against them.
Plaintiff is a money lender and an alleged licensee to do business under the Small Loan Act, LSA-R.S. 6:571 et seq. The evidence shows that since 1943 or 1944 defendants have always been indebted unto plaintiff under a series of loan transactions with it. They, owing a balance of $199.17 on a note evidencing a loan transaction which took place in 1955, several installments on which were matured and unpaid, called upon plaintiff seeking to increase the loan to $300 in order to secure some ready cash and bring the account up to date. As an inducement to plaintiff to' make the renewal loan, defendant, Henry Jochum, filled out in his own handwriting and over his signature a financial statement on a blank furnished by plaintiff in which he set forth he was indebted only to one creditor whose name he stated and for only a small amount He made the specific declaration: “We have no other debts.”
The truth of the matter is that at that very moment Jochum was indebted to about eight other creditors and for substantial amounts. Jochum knowingly made this false statement, and his only excuse given therefor at the trial of the case was that he could think of no other creditors except the one listed.
The ensuing bankruptcy of defendants exposed the falsity of the statement, it appearing that the creditors Jochum neglected to disclose were listed on the schedules in the bankruptcy proceedings.
Plaintiff’s representative stated’that relying on Jochum’s false financial statement, not knowing it to be false, he entered into the renewal transaction taking a new note for $300, payable in installments, and surrendering as paid Jochum’s former note for $300, on which there was due the balance of $199.17, and giving Jochum in cash the sum of $100.83.
The provisions of 11 U.S.C.A. § 35 in effect provide that a bankrupt’s liability for obtaining property by false pretenses or false representations is not dischargeable in bankruptcy. See De Latour v. Lala, 15 La.App. 276, 131 So. 211.
Plaintiff contends that through the use of the false financial statement defendants obtained from it property in the sum of $300 as represented by the $100.83 in cash and the fully matured old note on which the unpaid balance was $199.17, which note was surrendered to defendants.
We do not hesitate for a moment to comment that Jochum induced plaintiff by means of the false financial statement to part with the cash amount and the old note, and that within contemplation of the Bankruptcy Act Jochum obtained from plaintiff a total amount of $300 by false pretenses and false representations.
In Samet v. Farmers’ & Merchants’ Nat. Bank of Baltimore, 4 Cir., 247 F. 669, the court held that the securing by the bankrupt of the renewal of matured notes by means of a materially false statement in writing is the obtaining of property on credit which deprives him of the right to a discharge under the Bankruptcy Act.
See, also, In re Waite, D.C., 223 F. 853, wherein it is indicated that the balance of an old note is not precluded from discharge in bankruptcy when the creditor, relying on a false statement, accepted a new note surrendering its right to proceed on the old note.
The instant case is not analogous to Guedry Finance Co., Inc. v. McCubbin, La. *375 App., 120 So.2d 298 in that in said case the note surrendered in the refinancing transaction was not shown to have been matured or that the creditor could have proceeded thereon. But here we are considering a case in which a note, fully matured (by virtue of the acceleration clause), was surrendered upon renewal of the loan which deprived the creditor of the right to enforce collection thereon.
However, it does not appear that Mrs. Jochum knew of the false statement, the evidence showing that she did not accompany her husband to the finance company and only signed the note at her home upon her husband presenting it for her signature.
Plaintiff prays for interest on any unpaid principal sum not in excess of $150 at the rate of 3J4 percent per month and at the rate of 2^4 percent per month on any principal balance in excess of $150, said -interest to be computed from September 5, 1957, to July 7, 1959, with 8 percent interest per annum thereafter.
Defendants denied in answer that plaintiff was licensed under the Small Loan Act, and a careful reading of the record does not disclose any evidence whatever to the effect plaintiff held such a license as was required to permit it to charge such rates of interest as are claimed, and in the absence of such showing it would be in order to hold that plaintiff is only entitled to recover from defendants the maximum rate of conventional interest permitted by LSA-C. C. art. 2924 or 8 percent per annum from due date on the indebtedness until paid.
For the reasons assigned, the judgment appealed from insofar as it runs against Ruby Lea, wife of Henry Jochum, be and the same is hereby reversed and plaintiff’s suit against her is dismissed at plaintiff’s cost; insofar as the judgment against Henry Jochum is concerned, the same is amended so as to provide that the amount of the judgment shall bear interest at the rate of 8 percent per annum from September 5, 1957, until paid, and as thus amended and in all other respects, the judgment against Henry Jochum is affirmed; plaintiff is to pay the costs of this appeal.
Amended and affirmed.
REGAN, J., takes no part