On Rehearing
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
We granted defendant-appellant’s application for rehearing in order to permit a complete re-examination of this case, and particularly to reconsider the question -as to the actual amount of money procured by defendant as the result of his misrepresentation.
Our additional study of the record convinces us that we were correct in our acceptance and approval of the findings of fact made by the trial court as to the false representation by defendant, the reliance thereon by plaintiff, and the exclusion of any amounts obtained from defendant’s discharge in bankruptcy under the specific and unequivocal exception of the appropriate section of the Bankruptcy Act, 11 U.S.C.A. §35.
However, we are of the opinion that our action in affirming the judgment appealed from was erroneous in failing to take into consideration the established fact that the amount claimed by plaintiff in this action was not actually delivered to and received by the defendant. Unquestionably, the sum of $33.40 included in the loan made by plaintiff to defendant was retained in payment of the balance remaining due on another note. It is established by the testimony of Mr. Surratt, plaintiff’s manager, *213 that the sum of $166.67 was added to the principal amount of the note as discount, and it follows that this sum was never received by defendant. Concededly, defendant had made seven payments of $33.33 each upon the note prior to the bankruptcy proceedings.
The amount of $33.40, representing the balance due on a pre-existing note, must be construed as “property” received by defendant upon the basis of his false representations. C H F Finance Company, Inc. v. Jochum, La.App.Orleans, 1960, 121 So.2d 373 (writs granted and judgment affirmed by the Supreme Court, 241 La. 155, 127 So.2d 534); Samet v. Farmers’ & Merchants’ Nat. Bank of Baltimore, 4 Cir., 247 F. 669; In re Waite, D.C., 223 F. 853.
Upon the basis of the established facts, as above recited, we have attempted to make a computation as to the actual amount received by defendant which should be excepted from the effect of his discharge in bankruptcy. These computations are set forth as follows:
1. Amount of note $666.67
2. Seven payments of $33.33 each 233.31
3. Balance of face amount of note sued upon 433.36
4. Less unearned discount 108.36
Balance $325.00
The above balance, in our opinion, represents the actual loss suffered by plaintiff against which defendant’s discharge in bankruptcy is not effective.
In view of the insistent contention of defendant’s learned counsel, we take note of the issue as to whether plaintiff’s suit should be considered as an action ex delicto or ex contractu. Counsel appears to labor under a degree of uncertainty, since, in his brief in support of application for rehearing, he makes the definite statement that “It is well settled that the plaintiff’s suit is one ex delicto and not ex contractu.”, but, in a memorandum brief on rehearing, he declares, “It is therefore manifest that plaintiff’s action against defendant is one in contract and not one in tort on the alleged fraud.”
We confess we share counsel’s confusion in view of the apparently conflicting authorities cited in certain reference works, particularly 8 C.J.S. verbo Bankruptcy § 573, and the 1960 annotations of said section.
Notwithstanding the apparent conflict in interpretations, we agree with the statement in the above cited reference:
“The form in which the action is brought is immaterial provided it is based on actual as distinguished from constructive fraud.”
Again referring to the applicable provision of the Bankruptcy Act, which makes no distinction as to the nature of the basis of the claim, we think it is explicit and controlling.
For the reasons assigned our decree on original hearing hereof is annulled and set aside, and
It is now ordered, adjudged and decreed that the judgment appealed from be and it is hereby amended by reducing the principal amount thereof to the sum of $325, and, as amended, the judgment is affirmed. Costs of this appeal are taxed against plaintiff-appellee.