REID, Judge.
Plaintiff herein filed suit against George Romano alleging and averring that the defendant is indebted to plaintiff in the sum of $300.48 with 8% per annum interest from October 1, 1960 until paid with 20% attorneys fees and costs, being the balance due on two certain promissory notes held by plaintiff; that at the time of the sale a financial statement was given to them by the defendant which showed certain indebt-ednesses totalling $1580.00, which statement is dated June 19, 1959; that subsequent thereto at a date unknown to plaintiff, defendant filed a petition in bankruptcy and his schedule of creditors whose claims were unsecured totalled $4148.20 and the secured creditors in the amount of $10,799.-48, and further alleged that the statement made by the defendant was knowingly false- and untrue and that the plaintiff would not. have extended credit to the defendant had it known the true facts, all of which would, have prevented the defendant herein from being discharged from this debt.
*701 An exception of vagueness was filed but the plaintiff amended the petition to supply the necessary information.
Defendant filed an answer admitting his residence, the execution of the notes and the filing of the petition in bankruptcy, and denying the remaining allegations of plaintiff's petition and plead as a special defense the plaintiff was duly scheduled as a creditor in the Bankruptcy proceedings entitled “In the matter of George Earl Romano, Bankrupt No. 10462” on the docket of the U. S. District Court Eastern District of Louisiana, as a consequence of which the defendant was granted a discharge in bankruptcy which would be in bar of plaintiff’s claim.
The Lower Court rendered judgment in favor of defendant, rejecting plaintiff’s demand and dismissing its suit at its costs.
Plaintiff-Company filed an application for rehearing which was overruled and plaintiff then appealed to this Court from the said judgment.
Plaintiff makes the following specification of error:
I.
On page 32 of the transcript in its ‘Reasons for Judgment’ the Trial Court said:
‘There is, however, no showing made as to whether or not the various obligations set forth on the schedules were in existence as of June 19, 1959. There is, therefore, no showing that the statement of all debts relied on by plaintiff was false or fraudulent in any way. The burden of proving this is on plaintiff.
II.
This is the whole meat of the matter to be decided by the Lower Court, we seriously contend was a serious error.’ ”
The amount of indebtedness is stipulated and the only question before the Court is whether the discharge in bankruptcy barred plaintiff’s claim because of the alleged false and untrue statement of financial conditions. There is no doubt the defendant gave the financial statement showing three creditors with a total indebtedness of $1580.00. While he alleged he was only requested to give a few creditors as references the statement itself does show that it is “a statement of all debts.” He offered no evidence to substantiate this. There is no showing when this increase in debts arose, although some of them, from the information contained on the defendant’s schedule in bankruptcy were dated after June 19, 1959.
Plaintiff contends the defendant, through the use of the false financial statement, obtained credit from it and by virtue of the same he is not released from this claim by his discharge in bankruptcy. Plaintiff-Company relies in the main upon the case C.H.F. Finance Company, Incorporated v. Jochum, La.App., 121 So.2d 373 and 241 La. 155, 127 So.2d 534. In the first case, 121 So.2d 373, the Court of Appeal of the Fourth Circuit held that the balance of a fully matured old note which was released by a creditor, as well as cash advanced to a debtor not released upon false financial statement was precluded from discharge in bankruptcy.
The Supreme Court granted writs in this case and in its opinion, 127 So.2d 534, sustained and affirmed this decision by the Court of Appeal. The effect of it, according to concurring opinion of Justice McCaleb, was to overrule the case of Guedry Finance Company v. McCubbin, La.App., 120 So.2d 298. The McCubbin case, supra, did not allow recovery for the note which was past due at the time of the making of the false financial statement by the defendant. We have no quarrel with the cases cited by the plaintiff but we do not believe they are applicable to the case at bar.
*702 The main issue is, who bears the burden of proof, and what the true indebtedness of defendant was at the time of the giving of the alleged false financial statement, and whether they were confected after the statement was issued.
The Trial Judge held that there was no proof the statement of all the debts relied upon by plaintiff was false and fraudulent in any way, and that the burden of proof was on the plaintiff. With this finding we are in agreement. Plaintiff in its original petition alleged the statement was false and the only proof offered was the statement, together with the copy of the list of creditors of defendant which was filed in bankruptcy, some on the list showed definitely they were incurred after the statement was made.
Defendant plead the discharge in bankruptcy and relied upon the case of De Latour v. Lala, 15 La.App. 276, 131 So. 211. This case held that “[t]he burden of proof is upon the creditor, who claims that his duly scheduled debt is excepted from the operation of the discharge in bankruptcy because of fraud.”
Plaintiff in his oral argument contended it would have been impossible for him to go around and check with all creditors to ascertain when their debts were incurred. In spite of the inconvenience we are of the opinion that it was necessary for the plaintiff to obtain this information and present it to the Court in order to prove its case. It could have been very easily obtained by interrogatories or depositions under the discovery act.
Defendant filed an answer to the appeal and asked for damages because of frivolous appeal. We do not see any reason for allowing any such damages.
For the foregoing reasons it is ordered that the judgment of the Lower Court be affirmed.
Affirmed.