## DE LATOUR v. LALA

(December 1, 1930. Opinion and Decree.)

See, also, 12 La. App. 341, 125 So. 138.

H. W. Kaiser and J. H. Hammel, Jr., of New Orleans, attorneys for plaintiff, appellant.

James G. Schillin, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff sues on an open account. Defendant admitted the indebtedness and pleaded, as a bar to plaintiff's right to recover, his discharge in bankruptcy. Plaintiff then urged that the debt was not discharged in bankruptcy, because the credit, extended to defendant, was obtained by him on the false pretense that he had certain outstanding accounts which he would collect and pay to plaintiff, and that, as plaintiff relied on this fraudulent misrepresentation of the defendant in extending him further credit, the debt was not affected by the defendant's discharge in bankruptcy under the express provisions of section 17 of the Bankruptcy Act (11 USCA, sec. 35). There was judgment dismissing the suit and plaintiff appealed.

We gather from the record that the plaintiff was engaged in the wholesale poultry business and defendant was engaged in the retail poultry business. Defendant had an open account with the plaintiff for about two years prior to the time of the alleged fraud. Between the dates of October 3, 1924, and November 21, 1924, the plaintiff had sold the defendant, at various times, poultry amounting to the sum of $755.85, on account of which defendant, on November 4, 1924, had paid the sum of $200, leaving a balance due of $555.85. On or about November 25, 1924, the defendant went to the plaintiff's place of business for the purpose of obtaining merchandise, and, when plaintiff expressed his reluctance to extend further credit, defendant stated that he had lots of outstanding accounts and that he would pay. Defendant admits that this statement was made for the purpose of obtaining further credit and that his statement was false.

The pertinent portion of the Bankruptcy Act in this regard is Section 17, as amend-

ed by Act of February 5, 1903 (U. S. Comp. Stat. No. 9586, et seq., 11 USCA, sec. 35) which reads as follows:

"Sec. 17. DEBTS NOT AFFECTED BY A DISCHARGE.—(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (1) * * *; (2) are liabilities for obtaining property by false pretenses or false representations * * *."

Analyzing this language, it would appear to us that, before Section 17 (11 USCA, section 35) would be applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.

The plaintiff's testimony as to what happened on the occasion in question is as follows:

"Q. When you sold Dominick Lala, did you inquire of him or make any effort to get from him any statement as to his financial condition?
"A. Well, I was informed that he had had enough credit, and I couldn't go any further, and he told me that he had a lot of outstanding accounts, and as soon as he collected he would pay me, and to give him a little more credit, and under those conditions I gave him credit."

It is difficult to believe that the plaintiff relied upon the defendant's most general statement in extending further credit to him, and it also appears that the defendant, while he made a false statement for the purpose of obtaining credit, had no intention of defrauding the plaintiff. Plaintiff's own statement, annexed to his petition, shows that the defendant was indebted to him in the sum of $755.85 at the time of the alleged conversation on No-

vember 25, 1924. On that same day plaintiff sold the defendant merchandise on credit in the sum of $189.51, but the very next day the defendant paid the plaintiff the sum of $175 on account. The statement further shows that between the dates of November 25, 1924, and December 29, 1924, the plaintiff extended the defendant credit to the extent of $330.39, and that between the dates of November 26, 1924, and January 8, 1925, the defendant paid plaintiff the sum of $500.

The plaintiff is an educated business man and defendant an illiterate retailer with a stall in the Poydras market, who is unable to read or write, or sign his name.

The burden of proof is upon the creditor, who claims that his duly scheduled debt is excepted from the operation of the discharge in bankruptcy because of fraud. Gerald v. M. C. Kiser Co., 209 Ala. 532, 96 So. 428 (Ala.), 3 A.B.R. (N.S.) 592.

The mere fact that the defendant procured credit and promised to pay for ordinary current purchases of goods and subsequently failed to meet his obligations will not bar his discharge. Brooks v. Pitts, 24 Ga. App. 386, 100 S. E. 776 (Ga.), 44 A.B.R. 437.

We conclude that the plaintiff has failed to establish by a preponderance of the evidence that he was misled and relied upon the defendant's statement that the latter had a lot of outstanding accounts and, as soon as he collected them, he would pay, in extending further credit to him, and that the defendant, in making such statement, had any intention of defrauding the plaintiff.

For the reasons assigned the judgment is affirmed.