LOTTINGER, Judge.
This is a suit on a promissory note which petitioner claims was not discharged by the bankruptcy of defendant. The Lower Court awarded judgment in favor of defendant, and petitioner has taken this appeal.
The fact shows that petitioner is the holder of a promissory note in the sum of $255, bearing interest under the Louisiana Small Loan Laws, and which note is dated January 31, 1953. The note was actually a renewal of an old note held by petitioner. On the date of the said renewal, the principal and interest on the old note amounted to $257.50, and in negotiating the renewal the defendant paid petitioner the sum of $2.50 and signed the note now in question. In the said negotiations, the defendant also made out and signed a financial statement showing his liabilities to be in the sum of $677.50, which liabilities included the amount of the old note. Subsequent to the renewal of the note, the defendant filed an application to be adjudged a bankrupt, and was so discharged shortly afterward. His schedule of creditors filed in the bankruptcy proceeding shows indebted-nesses of some $2,455.13. The petitioner claims that the renewal of the note was secured by false pretenses on the part of defendant, and, therefore, seeks to have the Court declare that the note was not discharged by the bankruptcy. Defendant, on the other hand, claims that the financial statement'made by him was merely a for-, mality, that no money was handed him upon renewal of the note, in fact he handed a small sum to petitioner, and claims that the indebtedness represented by the note was fully discharged by the bankruptcy proceedings.
The evidence shows that Mr. Flott, the manager of the finance company was an acquaintance of the defendant. Defendant testified that Mr. Flott told him to fill in three or four of his creditors in the financial statement. The facts further show that the petitioner secured credit reports on the defendant subsequent to the renewal of the note, and that they did not rely on the financial statement of the defendant. Mr. Flott, in his testimony, stated that “The main .purpose of making a renewal on a deal is to verify the employment, on the renewals — there is no cash being advanced.”
In support of its claim, petitioner cites Morris Finance and Loan, Inc., v. Dickerson, 57 So.2d 786, decided by this Court, and Public Loan Corporation v. Adams, La.App., 66 So.2d 6. In both of those cases, the fraudulent representations were made at the time that the applications for loans were first made. They had nothing to do with renewal notes, as is the situation now before us. As a result of the fraudulent statements made by defendants, the petitioners approved the loans and advanced money to the defendants.
The portion of the Bankruptcy Act dealing with the present situation is Section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, which provides:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations”.
Under the facts of the present case, the defendant received no money or property *742 from petitioner, as a matter of fact he paid the petitioner the sum of $2.50.
In 6 American Jurisprudence, page 1008, Sec. 782 (1950) the following statement appears:
“The extension or renewal of an existing note is not the equivalent of ‘property’ within the meaning of the exception from discharge of a liability for obtaining money or property'by false pretenses or false representations. Inducing the abandonment of a suit on a note and surrender of the instrument by a promise to pay the same, is not such fraud as will prevent the discharge of the debt in bankruptcy, although the promise was falsely made to secure time to conceal assets and take advantage of bankruptcy proceedings. The reason for the foregoing and other rules holding promises made to prevent the collection of an existing obligation not within the exception of liabilities for false pretenses or false representations is that the fraud must inhere in the inception of the obligation in order to bring a case within the exception.”
A similar statement will be found in 8 C.J.S. Bankruptcy, § 573, subd. a, page 1513.
In De Latour v. Lala, 1930, 15 La.App. 276, 131 So. 211, 212, the Court said:
“The pertinent portion of the Bankruptcy Act in this regard is section 17, as amended by Act of February 5, 1903 (11 U.S.C.A. § 35), which reads as follows:
“ ‘Sec. 17. Debts not affected by a discharge. — A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as (first) * * *; (second) are liabilities for obtaining property by false pretenses or false representations. * * * ’
“Analyzing this language, it would appear to us that, before section 17 (11 U.S.C.A. § 35) would be applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was mislead by the false pretenses or representations.”
The testimony of Mr. Flott indicates that the petitioner was in no way mislead by the statement of the defendant. The Lower Court held that the transaction between petitioner and defendant was not of such a nature as to come within the exception of the Bankruptcy Act. We find no error in the said holding.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.