102 So.2d 317 (1958)
SEYBOLD FINANCE SERVICE, Inc.
v.
Robert W. SCHWANER.
No. 21049.
Court of Appeal of Louisiana, Orleans.
April 28, 1958.
Driscoll & Flanagan, James T. Flanagan, New Orleans, for plaintiff and appellant.
John M. Holahan, New Orleans, for defendant and appellee.
REGAN, Judge.
Plaintiff, Seybold Finance Service, Inc., instituted this suit against the defendant, Robert W. Schwaner, endeavoring to recover the sums of $236 and $87.60, representing money due plaintiff on two promissory notes executed by defendant on the respective dates of July 10 and August 10, 1956. Plaintiff alleged that in obtaining these loans the defendant furnished a false financial statement, and therefore his discharge in bankruptcy has no effect on these debts.
*318 The defendant pleaded the exceptions of no cause or right of action and vagueness and then answered[1] denying that he is indebted to plaintiff on the two notes since the interest charged thereon was usurious and that these debts were discharged by virtue of a bankruptcy decree; in the alternative the defendant asserted that recovery, if any, should be limited to $101.40, the actual amount of money he had obtained at the time of signing the note dated July 10, 1956.
At the inception of the trial in the lower court, plaintiff abandoned his suit on the note dated August 10, 1956, in the amount of $165.72, and requested the court to dismiss that portion of its suit since the transaction violated the Louisiana Small Loan Law[2] and plaintiff was not licensed to do business in conformity with the provisions thereof.
From a judgment maintaining defendant's exceptions of no right or cause of action, the plaintiff has appealed.
We pretermit a consideration of the exceptions since the record is complete, and we therefore prefer to decide the case on its merits.
The record reveals that the plaintiff is the holder of a promissory note dated July 10, 1956, in the amount of $354 payable to the order of Seybold Finance Service, Inc., in twelve installments at the rate of $29.50 per month and that there is a balance due thereon of $236, plus interest and attorney's fees. The note was actually a renewal of a note dated January 25, 1956. In the course of the renewal thereof, the defendant signed what has been referred to as a financial statement reflecting liabilities of approximately $170, which incidentally also failed to include the amount of the old note. After the renewal thereof, the defendant filed an application to be adjudged a bankrupt and was so discharged shortly afterwards. His schedule of unsecured creditors filed in the bankruptcy proceedings reveals an indebtedness of approximately $3,355.55. The plaintiff insists that the renewal of the note was secured by false pretenses on the part of the defendant and therefore seeks to have this court declare that the note was not discharged by the proceedings in bankruptcy. Defendant on the other hand, maintains that the financial statement made by him was considered at the time to be merely a formality and that the indebtedness represented by the note was fully discharged by virtue of the bankruptcy proceedings.
The record contains the testimony of only two persons, Edward P. Seybold, the manager and treasurer of plaintiff, Seybold Finance Service, Inc., and the defendant, Robert W. Schwaner.
Seybold, of course, related that he had relied solely on the "financial statement" given to him by the defendant; that he received no information other than that contained in the statement and that if he had been aware of the true financial condition of the defendant as of July 10, 1956, he would not have loaned any money to him.
Defendant in opposition thereto testified that at the time that he signed the "financial statement," he was not told by Seybold to list all of his obligations on that statement, that the document was simply prepared as a credit reference, and that he had executed such statements for Seybold on prior occasions. In conclusion he asserted that at the time that the note was refinanced he did not request an additional loan; he simply wanted to refinance his old obligation and make it current, but as a result of the refinancing he was given the net amount of $101.40. The plaintiff concedes that while he was fully aware of the defendant's application to be adjudged *319 a bankrupt, he did not oppose his discharge in the bankruptcy court.
It appears to us that the rationale used by the organ of this court in De Latour v. Lala[3] is applicable here:
"* * * before section 17 (11 U.S.C.A. § 35) would be applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations."
While it may be true that defendant's representations as contained in the financial statement were technically false in that they did not reflect all of his outstanding indebtedness at the time that the note was renewed, however, the record is devoid of any evidence which would lead us to believe that these representations were made with the intention of defrauding the plaintiff or that Seybold entirely relied upon and was misled by these misrepresentations, because on the back of the financial statement there are penciled notations which reveal a rather careful evaluation made by Seybold or one of his employees of the indebtedness of the defendant's wife prior to their divorce.
Our suspicions concerning the good faith and integrity of this plaintiff were aroused when we noted in the record that at the inception of the trial in the lower court it abandoned its suit on the note dated August 10, 1956, which was in the amount of $165.72, and requested the court to dismiss that portion of the suit since the transaction violated the Louisiana Small Loan Law in that the plaintiff was not licensed to do business in conformity with the provisions thereof. The whole tenor of the record causes us to believe that the plaintiff has endeavored to use the technical implications of a "false financial statement" in order to override the defendant's discharge in bankruptcy. We are therefore forced to conclude, in this instance, that the only reason plaintiff obtained from the defendant an incomplete financial statement was that the document was calculated to facilitate it in the event the necessity ever arose of excepting plaintiff's claim from the discharge in bankruptcy on the theorem that it would constitute a liability for "obtaining money or property by false pretenses or false representations."[4]
For the reasons assigned the judgment appealed from maintaining the exceptions of no cause or right of action is hereby reversed and the exceptions overruled, and the judgment insofar as it dismisses plaintiff's suit against the defendant is affirmed, plaintiff to pay all costs.
Reversed in part; affirmed in part.
NOTES
[1] Rules of the First City Court require that all pleadings be filed simultaneously.
[2] LSA-R.S. 6:571.
[3] 1930, 15 La.App. 276, 131 So. 211, 212.
[4] 11 U.S.C.A. § 35.