BOLIN, Judge.
The Beneficial Finance Company of Louisiana brought an action against George I-I. Hill and his wife, Winnie L. Hill, for the sum of $433.66, together with interest, attorney’s fees and costs. The suit was based on a promissory note in the original sum of $666.67, which was executed by them and made payable to the finance company. The note provided for its repayment in monthly installments and contained the usual clause providing for the maturity of the entire unpaid balance in the event of failure to pay any installment when it became due. In connection with the obtaining of the loan, the finance company required the defendant, George H. Hill, to prepare a financial statement. Such statement was prepared by him on October 17, 1957. It reflected that his total outstanding indebtedness at the time was $1,972.42. On June 20, 1958, he was adjudicated a bankrupt, and the balance owed to the plaintiff was listed on his schedule and was, therefore, discharged in the bankruptcy proceedings. However, the plaintiff alleged that the indebtedness under the promissory note should not be discharged by the bankruptcy proceedings because Mr. Hill actually owed debts in the amount of $14,794.79 at the time that he rendered the original incorrect financial statement to the finance company. The plaintiff further alleged, in his petition, that it would not have made the loan had it known of these obligations; and that this failure to list and include all of the debts at the time the loan was made amounted to fraud. The plaintiff then set forth the provisions of the bankruptcy law to the effect that the furnishing of a false financial statement prevented a discharge in bankruptcy, and asserted that it was entitled to recover judgment as though no bankruptcy proceedings had been filed.
The defendant, George H. Hill, filed an exception to the jurisdiction of the court, and an exception of no cause or right of action. These exceptions were sustained by the lower court, but on appeal to this Court, they were reversed and the case was remanded to the district court for further trial. La.App., 116 So.2d 346.
The defendant, George H. Hill, then filed his answer in which he denied his indebtedness unto plaintiff, but admitted that he executed the note in question. The defendant also admitted the execution of the financial statement which was attached to the plaintiff’s petition, but he alleged that he had borrowed money from the finance company over a long period of time and that the company was generally familiar with his financial condition, and knew that he had other obligations than those shown on the financial statement. He also denied that the statement was a condition precedent to making the loan. He admitted, however, that the financial statement showed total debts of $1,972.42, when, in fact, he owed a total sum of $14,794.79.
Based upon the above pleadings, the case went to trial on the merits, and at the conclusion thereof, the trial judge rendered judgment for the plaintiff and assigned excellent written reasons for his decision.
The question presented to us for decision is whether or not the financial statement rendered to the finance company, by the defendant, at the time of obtaining the loan from them amounted to “obtaining property by false pretense or false representation” under the pertinent portion of the bankruptcy act, and thereby prevented the defendant from obtaining a discharge from the debt under prior bankruptcy proceedings.
By way of summary, we can say that the defendant admitted the following in his answer:
1. The loan to him and the execution of the note sued on.
2. That he executed the financial statement annexed to plaintiff’s petition, showing the aggregate amount of his obligations to be $1,972.42.
*211 3.That on the date he secured the loan for which the note was executed, he actually owed $14,794.79.
The defendant, as a defense to this suit, contends:
1. That the discharge in bankruptcy covered and discharged the debt herein claimed.
2. That the financial statement furnished by him to the plaintiff in securing the loan was a mere formality.
3. That the finance company, at the time of the making of the loan, was aware of obligations other than those shown in the financial statement.
4. That the financial statement was not taken as a condition precedent to the making of the loan.
5. That there was no misrepresentation or .fraud on the part of the defendant.
The portion of the bankruptcy act applicable to the facts of this case is found in 11 U.S.C.A. § 35, which provides as follows :
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or * *
In the case of De Latour v. Lala, 15 La.App. 276, 131 So. 211, at page 212, the court, after citing the above provisions of the bankruptcy act, stated:
“Analyzing this language, it would appear to us that, before section 17 (11 U.S.C.A. § 35) would be applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.”
In the case of Equitable Securities Company v. Schwaner, et al., La.App., 107 So.2d 330, at page 332, the court had this to say:
“It is conceded that the financial statement signed by Schwaner did not list all of his debts and obligations and his statements were grossly untrue. The statement recites that he has no loans, debts or chattel mortgages outstanding except the two specifically mentioned, whereas in truth and in fact he had many creditors at the time of the making of the statement. But unless it is shown plaintiff relied upon and was misled by these false pretenses and misrepresentations, the discharge in bankruptcy relied upon by Schwaner is a complete release from the debt he owed plaintiff on the note. Personal Finance Company of Lake Charles, Inc. v. Huber, La.App., 77 So.2d 740; Seybold Finance Service, Inc. v. Schwaner, La.App., 102 So.2d 317.”
In both of the cases cited above, the court decided that the bankruptcy discharges had granted releases from the debts in question, because the creditors had not relied on the false statements. However, the principles of law set forth in the cases seem to be sound and have been cited and used in subsequent cases before our Appellate Courts.
Using the language in the cases cited above, the trial judge held that the defendant knowingly made a misstatement of his financial condition at the time he made the original loan, and that because the false statement was relied upon by the finance company, it operated as a bar against the defendant obtaining a discharge under the bankruptcy act. We can find no error in the conclusion reached by the judge below on this question. As pointed out by him, in his written opinion, there was no reason to doubt the testimony of the official who originally made the loan to the effect that he would not have made same if he had known the true financial condition of the defendant.
*212 Counsel for the defendant has cited the Court to several cases wherein a party was allowed a release because of a discharge in bankruptcy under cases similar to the one now before us. Among these cases are Accounts Supervision Company v. Atley, La.App., 89 So.2d 508; Seybold Finance Service, Inc. v. Schwaner, La.App., 102 So.2d 317.
It is not necessary to go into the details of the holdings in each of the above cases, except to say that the Court found, as a factual matter, that the financial statements in question had not been given in order to receive the loan or that the finance company did not rely on them in making such loan. The trial judge did not find such facts in the case now before us and we think the evidence clearly substantiates such a conclusion on his part. We think this case is more nearly like that of Morris Finance & Loan, Inc. v. Dickerson, La.App., 57 So.2d 786. This case was decided by the First Circuit in 1952, and involved a set of facts almost identical to the ones we are now considering. In the cited case, the defendant filed a financial statement in order to secure a loan, and listed his total obligations as $750, but omitted therefrom a sum in excess of $3,000. The Court found that the defendant had knowingly rendered a false statement in order to secure a. loan; and that the finance company had relied on this statement in order to advance him money. Under these circumstances, the court held that the bankruptcy proceedings had not discharged the debt in question.
In his brief, the counsel for the defendant has interposed an alternative defense. Because the only liability in this case is one in tort, it is contended the defrauded creditor can only obtain judgment for the amount lost through the fraud. He further reasons, that since plaintiff did not prove exactly what amount it loaned the defendant, it is not entitled to any judgment. In support of this contention, he cites: 6 Am.Jur. 1006, Section 780, 8 C.J.S. Bankruptcy § 573, p. 1517; 17 A.L.R.2d 1208; Accounts Supervision Company v. Atley, supra.
We can find no merit in this alternative defense. The promissory note was filed in evidence and its execution was admitted and there was ample evidence introduced during the trial showing the unpaid balance on the said note.
The judgment of the lower court is, therefore, affirmed, at appellant’s cost.