137 So.2d 503 (1962)
EXCEL FINANCE MID CITY, INC.
v.
Louis MEILLEUR.
No. 229.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
*504 Gertler, Hart & Duran, David H. Seelig, New Orleans, for plaintiff-appellant.
Louis Meilleur, in pro. per., defendant-appellee.
Before REGAN, YARRUT and SAMUEL, JJ.
YARRUT, Judge.
Plaintiff appeals from a judgment denying it recovery of $275, balance due on a promissory note for $300, bearing interest at the rate of 3½% per month. Plaintiff is a loan company operating under Louisiana's Small Loan Act, LSA-R.S. 6:571 et seq.
Defendant admits executing and signing the note, but contends his liability thereon was discharged in bankruptcy.
Plaintiff concedes Defendant's discharge in bankruptcy, but contends its note was not discharged because Defendant obtained the loan by signing a false statement as to his existing debts, in violation of the national bankruptcy act. 11 U.S.C.A. § 35.
Defendant had been borrowing from Plaintiff for 12 years. He paid his monthly installments promptly when due, and executed a new note when the last note was paid or had been substantially reduced.
Defendant testified that during the 12 years, as he renewed or increased his loan, he called at Plaintiff's office and signed a new note and any other papers prepared by Plaintiff's representative.
When Defendant executed the renewal note in question, he signed the usual blank form entitled "Financial Statement" on which is a box with a series of lines for listing any debts or loans due by him. In that box is the word "NONE" in black ink, indicating no other debts. His salary was written also in black ink. The date, amount of the loan requested, his signature and that of a witness, are all written in blue ink.
Defendant testified he signed the note and statement as given to him; that he does not recall writing the word "NONE." The representative of Plaintiff, who handled the matter, was unable to say who wrote the word "NONE." In addition to the loan here, Defendant had a loan with an affiliate loan company of Plaintiff, one of five controlled by its Board of Directors; and four or five other loans with other small loan companies.
Defendant was a perennial borrower, renewing his note as it was reduced from time to time and paying interest over the 12 years at 2½% and 3½% per month. He was constantly borrowing from one small loan company to pay the others, using Peter to pay Paul. All the time he was sinking deeper into the quicksand of debt. He lost his job and had no alternative then but to seek refuge in bankruptcy.
Plaintiff sought to prove it depended solely upon Defendant's statement, because it had no connection with any credit agency. However, Plaintiff's manager later testified he did get a credit report when first dealing with a borrower.
Plaintiff made the renewal here on Defendant's own recognizance, his personal acquaintance with one of its officers, and because he was a good customer for over ten years, without any reliance on his written application, which we must conclude was filled out by Plaintiff's employee, after Defendant had signed it, and most probably by copying from a previous application.
Plaintiff has failed in its burden to prove it was misled to renew the original loan and relied on the false statement of Defendant. C. H. F. Finance Company v. Jochum, 241 La. 155, 127 So.2d 534; In *505 re Noble, D.C., 42 F.Supp. 684; Public Finance Corporation of Baton Rouge v. James, La.App., 119 So.2d 578; Equitable Securities Co. v. Schwaner, La.App., 107 So.2d 330; Seybold Finance Service, Inc. v. Schwaner, La.App., 102 So.2d 317; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.
When a small loan company has been doing business satisfactorily with a borrower for many years, and has the means to check his financial responsibility, especially within its own organization, but closes its eyes, it should be estopped to complain of misrepresentation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.
For the foregoing reasons, the judgment of the First City Court is affirmed.
Affirmed.