JOHN A. DIXON, Jr., Judge.
The defendant, Barbara Moyers Smith Cartee, took bankruptcy under the name of Barbara Smith, wife of James Cartee, on September 4, 1959. She was subsequently discharged in bankruptcy. Among the debts from which she was discharged were two notes payable to the plaintiff, White System of New Orleans, Inc.
The plaintiff brought an action in the First City Court of New Orleans on the two notes, attempting to set aside the discharge for the reason that the notes were liabilities incurred by false pretenses or false representations. (11 U.S.C.A. § 35, sub. a (2).) Plaintiffs contention was that the defendant applied for the loan in the name of Barbara Smith at a time when she had been divorced from her husband, Royce Smith, and at a time at which she was married to James Cartee. The defendant was not living with James Cartee at the time of her application for loans from the plaintiff. The plaintiff contends that the defendant intentionally concealed from them the fact that she was married to-James Cartee at the time of the making of the loans, because such revelation would have resulted in the discovery of information reflecting adversely upon the defendant as a credit risk.
The defendant married Royce Smith July 9, 1948. They lived together for seven years, had two children, and were divorced. The defendant then married James Cartee August 5, 1957. Mr. Cartee left the defendant about May 1, 1958.
The defendant had been employed by Sears, Roebuck & Company since 1951, with some interruption in her service. She transferred from another city to Sears,. Roebuck & Company in New Orleans in-September, 1957. During her entire term of employment with Sears, Roebuck, she used the name Barbara M. Smith.
The defendant applied for a loan from plaintiff first on May 7, 1958. That loan was renewed on July 9, 1958. Another loan transaction occurred April 22, 1959, and a final transaction on May 25, 1959. The plaintiff seeks judgment in the sum of $728.84, which is the total balance due on the second and the last transactions.
The defendant’s explanation for the use of the name of her first husband was not unreasonable under the circumstances. She used the name that she had continued to use in her employment, which was the name of her children. Her subsequent husband had left her before the first application for a loan. This was the first application for a loan the defendant had ever made. She had a charge account at Sears, and used her “charge-a-plate” for identification in making the loan.
The plaintiff in its credit check found no experience on which to make a loan,. *477 and required a chattel mortgage on the furniture which, according to the testimony of defendant, had been her own furniture for nine years. The plaintiff verified the defendant’s employment before granting the first loan.
The plaintiff contends that the defendant deliberately attempted to conceal her true married name, for the reason that James Cartee and his wife had signed a note incurring an indebtedness to another finance company, and had bought some furniture on credit, both loans apparently being delinquent.
The testimony is not exactly clear as to the identity of the furniture, but we conclude that the furniture that the defendant mortgaged to the plaintiff was furniture she had owned herself for a considerable length of time. The defendant did testify that she had signed a note at the insistence of James Cartee, when he borrowed money from another finance company.
We feel that the plaintiff has failed to meet the burden of proof placed on it in such a case. The record does not disclose a preponderance of evidence establishing that the defendant made material and false representations with the intent to deceive and defraud in order to obtain the loans, which representations were relied on by the creditor to its prejudice. Accounts Supervision Company v. Atley, La.App., 89 So.2d 508 (1st Circuit, 1956); Beneficial Finance Company of Louisiana v. George H. Hill et al., La.App., 128 So.2d 209 (2d Circuit, 1960).
The plaintiff did not require the complete marital history from the defendant, and the defendant gave the plaintiff the name she used in her daily affairs.
Before the trial of the case, the defendant filed in a single pleading an exception of no cause of action and an answer. The case apparently went to trial regularly. Evidence was adduced. The judgment indicates that the court sustained the exception of no cause of action filed by the defendant.
Both parties have treated the case as if there was an adjudication on the merits in the First City Court of New Orleans. We will do the same. Accordingly, the judgment appealed from is affirmed at appellant’s cost.