REGAN, Judge.
Plaintiff, Excel Finance Baronne, Inc., instituted this suit against the defendant, Edward M. Dobbs, endeavoring to recover the sum of $275.58, representing the balance due on a $300 promissory note, executed by the defendant to obtain a renewal loan and $30.97 in cash. Although this debt was discharged in bankruptcy, plaintiff asserted that the discharge was invalid because the defendant had fraudulently procured the loan by giving a false financial statement upon which it relied. Plaintiff further prayed for interest and attorney’s fees, as provided for in the note.
Defendant pleaded the exception of no cause of action, which was overruled, and answered, denying the allegations of plaintiff’s petition.
From a judgment in favor of plaintiff in the sum of $275.58, together with interest and attorney’s fees, the defendant has appealed.
On March 23, 1959, defendant signed both the promissory note above described and a document which was purportedly a financial statement. The names of' five creditors appear thereon; however the amounts due them are not shown. Further, the financial statement form, furnished by the loan company, reads in part: “My salary is $ — <— . per -.” These blanks are not filled in.
Defendant readily admitted that he had not listed all his creditors on the financial statement, but he explained his reason therefor as follows:
“I said, ‘Mr. Marks, (plaintiff’s manager) I’m in a hurry now’, so I came in and they had everything ready for me and he said, ‘Well, let’s don’t worry about all of this; here’s, the money here’, and I signed some paper and I started to put these down (referring to his creditors) and he said, ‘Don’t worry about all that, it’s just routine’, he said, ‘don’t worry’, so I didn’t.”
Edward Meyers, plaintiff’s assistant manager, conversely testified that he specifically instructed defendant to list all his creditors. He explained that the defendant, said he did not know the amount of money he owed each one; therefore, the statement contained no figures. Myers asserted that before the promissory note was signed, plaintiff’s office personnel checked with the creditors listed on. the financial statement to ascertain how much money was due each one.
*204 John Marks, plaintiff’s manager, then testified and contradicted the testimony of Meyers. He said he was unable to determine the amounts defendant owed because the creditors listed refused to divulge this information. But even though Marks conceded he had no idea of defendant’s total indebtedness, he still insisted that his company relied on an incomplete financial statement in extending the loan.
Plaintiff asserts that its debt was not affected by the discharge in bankruptcy and relies on 11 U.S.C.A. § 35, the pertinent part of which provides:
“(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * *
The jurisprudence of this state, in interpreting the above quoted section, is well settled to the effect that the plaintiff must show that the defendant made false representations with the intention, of defrauding plaintiff and that the plaintiff relied upon and was misled by these representations, before it can recover the amount of a debt discharged in bankruptcy.[1]
The evidence establishes conclusively that defendant did submit a financial statement which fáiled to list all his creditors'; however, we believe that he testified truthfully when he,stated he was encouraged to do so by the plaintiff.
We are of the opinion that our observation in the recent case of Excel Finance Treme, Inc. v. Noel[2] also applies to the facts before us now. Therein we said:
“ * * * We are not impressed with plaintiff’s testimony in this case. We note that in an increasing number of cases of this same pattern the innocent borrower is at a complete disadvantage. The loan company manager tells the borrower to fill in the financial statement, and also tells him that it is only necessary to list one or two debts as a formality. The loan company employee knows the significance of this, but the borrower does not. The facts here are almost exactly the same as in Excel Finance Mid City, Inc., v. Meilleur, La.App., 137 So.2d 503, decided by this Court on February 5, 1962. See also CHF Finance Company v. Jochum, 241 La. 155, 127 So.2d 534; In re Noble, D.C., 42 F.Supp. 684; Public Finance Corporation of Baton Rouge v. James, La.App., 119 So.2d 578; Equitable Securities Company v. Schwaner, La. App., 107 So.2d 330; Seybold Finance Service, Inc. v. Schwaner, La.App., 102 So.2d 317; DeLatour v. Lala, 15 La.App. 276, 131 So. 211.”
But assuming arguendo that the defendant did make false representations with the intention.of defrauding the plaintiff, it taxes our credulity to believe that the purported financial statement induced plaintiff to grant the renewal loan, since it obviously failed to reflect the borrower’s total indebtedness at the time the loan was consummated.
Since plaintiff has failed to prove misrepresentation with the intent to defraud or reliance on a false financial statement, both of which it must establish to recover under 11 U.S.C.A. § 35, we are of the opinion that the trial judge erred in rendering judgment for the plaintiff.
For the reasons assigned, the judgment appealed from is reversed. Plaintiff is to pay all costs of this litigation.
Reversed.

. DeLatour v. Lala, 15 La.App. 276, 131 So. 211; Personal Finance Company of Lake Charles v. Huber, La.App., 77 So. 2d 740.

. La.App., 138 So.2d 654.