GLADNEY, Judge.
This suit is on a promissory note executed on December 9, 1960, by the defendant, Will Rodney Jones. On February 17, 1961, Jones filed a petition of bankruptcy scheduling therein the indebtedness sued upon, and in due course received a discharge in bankruptcy on April 7, 1961. In response to plaintiff’s petition, he pleaded the discharge in bankruptcy as a complete defense, and pleading in the alternative, he filed a third party petition against the Texas Motor Exchange, Inc. The trial court rejected plaintiff’s demands without any formal pronouncement as to the third party proceeding. An appeal has been lodged in this court by the plaintiff. The Texas Motor Exchange, Inc., the third party defendant, has filed a motion to dismiss the appeal insofar as it may be involved. This motion is predicated on the ground that the trial court has never passed on the issue presented.
Plaintiff’s petition took cognizance of the bankruptcy proceeding, but takes the position that the defendant’s discharge in bankruptcy does not prevent the enforcement of its obligation because the loan was made after the defendant had executed a materially false and misleading financial statement, and, therefore, the debt is excepted from discharge by the bankruptcy law, which, in part, provides:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or * * (11 U.S. C.A. § 35).
The sole issue is whether vel non the defendant knowingly made a material false statement as to his financial condition at the time he made the loan, and that such false statement was relied upon by the finance company in making such a loan.
Neuman Buckner, the manager of the finance . company, testified that the loan would not have been made except with a proper understanding of the defendant’s debts without which information he would have been unable to determine the ability of the debtor to repay his obligation; and that after verifying the latter’s employment and local credit references, Jones was requested to fill out a form containing a financial statement, listing all of his outstanding obligations over the sum of $50.00. Jones completed this form in his own handwriting *658 and signed it. The statement included such declarations as: “I hereby declare that a list of all my debts and liabilities is as follows(with obligations and amounts thereof) and “I hereby state, affirm, represent and warrant to you that my total indebtedness and liabilities on this date do not exceed $1,550.00.”
Jones admitted that at the time he executed the aforementioned statement he was then indebted to the Teachers Professional Investment Corporation of Baton Rouge in the sum of $2,100.00, not listed in the statement executed by him. His explanation was that he thought the requirement was simply for credit references and that he did not understand he was supposed to list all of his creditors. We cannot accept this testimony. Jones was employed by the Caddo Parish School Board as a teacher and we can find no excuse for such a misunderstanding. It is clear, we think, that there was a deliberate misrepresentation.
As authorities supporting the defense, counsel for appellee has cited a number of cases, including Accounts Supervision Company v. Atley, La.App., 89 So.2d 508 (1st Cir. 1956), Excel Finance Baronne, Inc. v. Edward M. Dobbs, La.App., 146 So.2d 202 (4th Cir. 1962), and others, which hold that the borrower was induced to list a portion of his indebtedness simply as a formality and that, in fact, there was no untruthfulness on his part. Those decisions are not controlling in the instant case, as they rest upon their own particular circumstances.
Our decision in the instant case is consistent with our ruling in Beneficial Finance Company of Louisiana v. Hill, et al., La.App., 128 So.2d 209 (2d Cir. 1961), wherein it was held the evidence disclosed the bankrupt knowingly made a misstatement of his financial condition at the time of making the loan, and that his subsequent discharge in bankruptcy did not operate as a bar to plaintiff’s recovery. The instant case does not present any issue as to the allowance of an unearned discount as occurred in the Beneficial Finance Company case.
The Texas Motor Exchange, Inc., the third party defendant, has filed a motion to dismiss the appeal insofar as it may be affected, averring that the trial court failed to pass upon the third party demand. Examination of the record shows that the defendant failed to adduce any substantial evidence in support of the third party demand. This demand was plead alternatively and as the trial court rendered its decision in favor of the defendant there was no occasion for it to decide the issue between Jones and the Texas Motor Exchange, Inc. In view of our judgment in favor of the plaintiff on the main demand, we find, it necessary to pass upon the third party demand and are of the opinion the latter demand should be rejected for want of evidence in support thereof. The motion to dismiss filed on behalf of the Texas Motor Exchange, Inc., is denied.
For the reasons hereinabove set forth, the judgment from which plaintiff has appealed is reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of the Peoples Discount Company of Shreveport, Inc., and against Will Rodney Jones, in the sum of Five Hundred Four ($504.00) Dollars, together with interest thereon at the rate of eight per cent (8%) per annum, from December 9, 1962, plus a sum equal to twenty per cent (20%) of both the principal and interest as attorney’s fees, and all costs of this suit.
It is further ordered that the demands made by the third party petitioner, Will Rodney Jones, against the Texas Motor Exchange, Inc. be denied.