LOTTINGER, Judge.
This is a suit against defendant, Ben P. Donaway, on his $154.00 promissory note dated February 20, 1964. The alleged balance due thereon at the time of suit was $145.67. In defense, defendant contended that he had been discharged in bankruptcy, which relieved him from the indebtedness. *731 Plaintiff countered with the contention that it was induced to accept the promissory note by virtue of a false and fraudulent financial statement given by defendant in writing, and upon which plaintiff relied, and as such, the discharge was not effective against plaintiff’s claim.
After trial, the suit was dismissed and plaintiff appealed. The Trial Judge gave as his reasons for judgment in favor of defendant that “plaintiff failed to produce any ■evidence that plaintiff relied on the financial statement given by defendant to plaintiff at the time the loan sued upon was made by plaintiff as lender and defendant as ■debtor.”
More particularly, the record shows that -the defendant had made several loans from the plaintiff, X-L Finance Company, Inc., prior to the loan in question, and the defendant had always paid satisfactorily. On February 20, 1964, the defendant executed ■a promissory note in the amount of $154.00 and made payable to the order of X-L Finance Company, Inc. As of February 5, 1965, the defendant had only made payments sufficient in amount to reduce the balance of the note to $145.67. The defendant contended on the trial of this case that he had ■only received approximately $50.00 in cash when he signed the note, because this note consolidated a previous loan he had with the plaintiff. One of the witnesses for the plaintiff, having been the assistant manager at the time the loan was made, testified that he could not remember how much money he gave the defendant when the loan was closed.
In the process of closing the loan, it was necessary for the defendant to submit a written financial statement to the plaintiff loan company prior to his obtaining the loan. The defendant testified that when he first went to the loan company for the loan, he was negotiating with the assistant manager, and then the manager walked in, and the defendant went into the manager’s office with the manager to complete the closing of the loan. The defendant testified that the manager asked him if he still worked at the same place and made approximately the same amount of money. When the defendant answered in the affirmative, the manager merely filled out a form and the defendant signed it. The plaintiff did not see fit to call as a witness the individual who was manager at the time of the loan.
At the time the loan was made, the defendant had more than $2,400.00, excluding the loan for his house, in outstanding debts which was not listed on the financial statement tendered to the plaintiff prior to the loan. All of the defendant’s debts were listed in his bankruptcy schedules, and these reflect the above stated amount.
It is a well settled rule in this state that before a plaintiff can enforce a debt which has been discharged by bankruptcy, because of false and fraudulent pretenses, there are certain criteria which he must prove. These criteria have been set forth in the case of C H F Finance Company v. Corea, 152 So.2d 830, 831 (La.App. 4th Cir. 1963), as follows, to-wit:
“Under the provisions of Section 17 of the Bankruptcy Act, (11 U.S.C.A. § 35) a discharge does not have the effect of releasing the bankrupt’s liabilities for obtaining money or property by false pretenses or false representations.
Before the mentioned section of the Bankruptcy Act would be applicable, it is incumbent on the plaintiff to show: (1) That defendant made false representations ; (2) that such were made with the intention of defrauding plaintiff; and (3) that plaintiff relied upon and was misled by the false pretenses or representations. De Latour v. Lala, 15 La.App. 276, 131 So. 211.” See also Seybold Finance Service, Inc. v. Schwaner, 102 So.2d 317 (La.App.1958); Public Finance Corporation of Baton Rouge v. James, 119 So.2d 578 (La.App.1960); Earl Staehle Finance, Inc. v. Brooks, 144 So.2d 155 (La.App.1962); Cash Finance *732 Service No. 3, Inc. v. Rhoden, 145 So.2d 79 (La.App.1962); Excel Finance Baronne, Inc. v. Dobbs, 146 So.2d 202 (La.App.1962); Liberal Finance Gentilly, Inc. v. Brister, 152 So.2d 331 (La.App.1963); Excel Finance Baronne, Inc. v. Abadie, 152 So.2d 822 (La.App.1963); Liberal Finance Corporation v. Holley, 157 So.2d 376 (La.App.1963); Excel Finance Mid City, Inc. v. Chetta, 160 So.2d 304 (La.App.1964); United Credit Plan, Inc. v. Seminary, 162 So.2d 807 (La.App.1964); Beneficial Finance Company v. Gardache, 164 So.2d 132 (La.App.), writ refused 246 La. 724, 167 So.2d 303 (1964); General Finance Loan Company of Downtown Shreveport v. Allen, 165 So.2d 20 (La.App.1964); Blue Bonnett Creamery, Inc. v. Gulf Milk Association, 172 So.2d 133 (La.App.1965).
The question then is whether the plaintiff has proved his case as he must before a Court can render judgment in his favor.
It is quite evident that plaintiff sustained the burden as to whether the defendant made false representations. The plaintiff introduced into evidence the financial statement, signed by the defendant, which was used to obtain this particular loan. The financial statement listed only a debt of $300.00, whereas, at the time of the application for the loan in question, the defendant was indebted for more than $2,400.00 excluding the debt listed and a large mortgage on his house. By any standard, this was a false representation on the financial statement. There can be no other conclusion, other than false representation, for a $300.-00 debt to appear on a financial statement, and not at least $2,400.00 more in debts.
Rather than discussing the second criteria, we will instead proceed to the third criteria, which provides that plaintiff relied upon and was misled by the false pretenses or representations. For plaintiff to succeed with its case, plaintiff must prove that it relied upon and was misled, into granting the loan, by the false statements. The fact that a false statement has been given is not enough, Personal Finance Company of Lake Charles v. Huber, 77 So.2d 740 (La.App. 1st Cir. 1955), it must be relied upon, and even partial reliance will do. Beneficial Finance Company v. Gardache, supra.
The Trial Judge gave as his reason for judgment that the plaintiff had not proved it had been induced to accept the promissory note by virtue of the false statements.
The representative of the plaintiff finance company could not remember whether the plaintiff had advanced the defendant $25.00, $50.00 or $150.00 at the time the loan was closed. The defendant testified that he received approximately $50.00 at the time the loan was closed, and that at that time he already owed them approximately $100.00, meaning that this new promissory note for $154.00 was a consolidation of an old with a new loan
The assistant manager at the time that the loan was closed testified that if he would have known of the other debts, he probably would have required an endorser on the loan, or some security. Fie further testified that he would have required an endorser on a $50.00 loan, but when asked hypothetically as to whether he would have required an endorser on a $50.00 where the debtor had borrowed from the company for some time, had paid satisfactorily and in an orderly manner, the assistant manager indicated that the debtor’s signature would be sufficient.
We agree with the Trial Judge in his ruling that plaintiff failed to prove it was induced to accept the promissory note by virtue of the false financial statement.
The plaintiff must sustain the burden of proof in all three criteria as set forth in C H F Finance Company v. Corea, supra, and in failing to do so, his case must fall.
Since plaintiff has failed to prove the third criteria of his case, it is unnecessary *733 for us to discuss whether he proved the second criteria, and as such, for the reasons hereinabove assigned, we find no error with the Trial Judge’s ruling.
Judgment affirmed.