HOOD, Judge.
This is a suit on a promissory note instituted by X-L Finance Company, Inc., against Walter A. LeDoux. Defendant pleads, as a special defense, that he has obtained a discharge in bankruptcy which releases him from the obligation. Judgment was rendered by the trial court in favor of the defendant, and plaintiff has appealed.
Plaintiff alleged in its original petition that the defendant had filed a petition in bankruptcy, that defendant obtained the loan from petitioner “through fraudulent and false statements and representations,” and that “the said obligation to your petitioner is therefore not discharged in bankruptcy according to the provisions of 11 U.S.C.A. 32.” Defendant answered denying liability and specially pleading his discharge in bankruptcy.
The sole issue presented at the trial in the district court, therefore, was whether the defendant had obtained the loan from plaintiff through false representations, and thus whether his discharge in bankruptcy releases him from this particular debt. See 11 U.S.C.A. 35(a). No issue was raised at the trial as to whether a discharge in bankruptcy actually had been granted to defendant.
Plaintiff-appellant contends on this appeal, for the first time, that defendant failed to prove that he obtained a discharge in bankruptcy. It is argued that the special defense of discharge in bankruptcy must *166 be affirmatively established by competent evidence, and that since defendant failed to show that he was granted a discharge the trial court erred in maintaining the special defense and in rejecting plaintiff’s demands.
The record shows that at the trial of the case no competent evidence was offered by either party tending to establish that defendant had been granted a discharge in bankruptcy, or that the debt sued on here was included in the list of debts submitted by defendant in connection with his bankruptcy proceedings. In view of the allegations contained in plaintiff’s petition, the parties and the trial court obviously assumed that a discharge had been granted, that the debt sued on here had been listed as a debt of the bankrupt’s estate, and that proof of these facts were not necessary.
The allegations contained in plaintiff’s petition imply, although they do not specifically allege, that a discharge had been granted. Defendant specially pleaded discharge in bankruptcy in his answer, but at the trial he testified only that he filed a bankruptcy petition and that he was adjudicated a bankrupt on July 7, 1964. He infers in his testimony that he was granted a discharge, and counsel for plaintiff in cross examining defendant also seems to assume that such a discharge had been granted. We find no testimony or documentary evidence, however, which specifically shows that a discharge in bankruptcy was granted to defendant or that the debt sued on here was included in the schedules as one of the debts of the bankrupt’s estate. Neither a copy of the discharge in bankruptcy nor a copy of the schedule of debts filed in the bankruptcy proceedings was filed in evidence here.
The special defense of discharge in bankruptcy is an affirmative defense which must be pleaded in the answer. LSA-C.C.P. art. 1005. The burden of proving that a discharge in bankruptcy was granted rests on the defendant who pleads it. Excel Finance Camp, Inc. v. Autin, 177 So.2d 662 (La.App. 4th Cir. 1965); X-L Finance Company v. Fenske, 197 So.2d 182 (La.App. 1st Cir. 1967); Home Finance Service Washington Parish, Inc. v. Taylor, 187 So.2d 778 (La.App. 1st Cir. 1966).
If the defendant establishes that a discharge in bankruptcy has been granted to him, then the burden of proof shifts to the plaintiff who asserts that the bankrupt is not released from the obligation because he obtained the loan through false representations. In such a case the discharge will not have the effect of releasing the bankrupt defendant from' the obligation if plaintiff proves that the defendant made false representations, that these representations were made with the intent of defrauding the plaintiff, and that the plaintiff relied upon and was misled by the false pretenses or representations. Earl Staehle Finance, Inc. v. Brooks, 144 So.2d 155 (La. App. 4th Cir. 1962); De Latour v. Lala, 15 La.App. 276, 131 So. 211 (La.App.Orl. Cir. 1930); C H F Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); X-L Finance Co. v. Lewis, 205 So.2d 890 (La.App. 3d Cir. 1968).
In the instant suit the allegations contained in plaintiff’s petition are not sufficient to constitute a judicial admission that defendant has obtained a discharge in bankruptcy, and we find that the evidence otherwise fails to establish that a discharge has been granted. The judgment maintaining the special defense of discharge in bankruptcy must be reversed, therefore, although the issue of whether a discharge actually had been granted was not raised in the trial court.
Under the peculiar circumstances presented here, we think the interests of justice require that the case be remanded to the trial court and that the defendant be given an opportunity to establish, if he can, that a discharge in bankruptcy was granted and that the obligation sued *167 upon here was listed in the bankruptcy proceedings as a debt of the bankrupt’s estate. After these further proceedings judgment may then be rendered by the trial court determining all of the issues presented.
For the reasons herein assigned, the judgment appealed from is reversed, and the case is remanded to the district court for further proceedings in accordance with the views herein expressed. •
Reversed and remanded.