RODGERS, Justice.
This case was tried in the Circuit Court of Scott County, Mississippi, by the circuit judge who was, by agreement, sitting as judge and jury. The action was based upon a claim for the recovery of Two Thousand Five Hundred Thirty Dollars ($2,530), together with interest and attorney’s fee. The defendants, Joe D. Garner and his wife, Ruthie G. Garner, filed their answer in which they alleged that each of them had been adjudged a bankrupt; that the plaintiff had been duly notified; that the plaintiff filed an objection to the discharge of the bankrupts but failed to appear at the time the objections were called for hearing in the bankruptcy court. Copies of the bankrupt files were duly filed. The defendants then plead bankruptcy to the claim of plaintiff. The plaintiff filed a Replication to the Answer of Defendants in which she alleged that the money lent to defendants was obtained by them through “an act of false pretense and misrepresentation by representing unto the plaintiff that the said defendants could get themselves solely and completely out of debt by obtaining the loan of money from the plaintiff of $2,530 as shown in said original note executed by defendants and that they would not owe any other money and that they could re-pay plaintiff according to the terms of said note and that such false misrepresentation was made for the purpose of inducing the plaintiff to make such a loan. * * * ”
*672 The plaintiff based her Replication upon an exception set forth in the bankruptcy-law, Section 17 a of the Bankruptcy Act (11 U.S.C.A. § 35). This section provides that:
A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive, or for willful and malicious injuries to the person or property of another, * * *
This section was amended in 1960 so as to prevent the discharge by bankruptcy of debts “ * * * [F]or obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive. * * * ”
The appellees challenged the thesis postulated by plaintiff upon the grounds (1) the alleged misrepresentation was not in writing ; (2) plaintiff could not collaterally attack the order of the bankruptcy court in the state court, particularly where the plaintiff had taken part in the procedure in the bankruptcy court, and (3) the alleged statement of the defendants was not sufficient to bring the transaction within the exception to the right of discharge in the bankruptcy court.
The circuit judge was of the opinion that the appellant had standing to file suit in the circuit court where it is alleged that there was deception practiced, but was also of the opinion that the evidence offered by the plaintiff was not sufficient to establish that the money borrowed from the plaintiff was obtained under false pretense within the meaning of the Bankruptcy Act.
The plaintiff testified that “they (the defendants) told me this would clear the indebtedness where they could work along smoothly from here on out, pay their bills.” She was then asked:
Q. Did they owe anybody beside you ?
A. They didn’t tell me and I didn’t ask them.
Q. Did I understand — let me go over the question again. Did they tell you this would clear their indebtedness?
A. Yes, sir, that’s what they told me at the time.
On the other hand, the defendants testified that:
Q. What did you tell Miss Shearron at that time?
A. That we needed some money to get some creditors off our backs so we could go on. We believed we could with a certain amount of money.
Without pausing to determine whether or not the trial judge was correct in holding that the plaintiff could sue in the state court under one of the exceptions set out in the Bankruptcy Act, we are of the opinion that the trial court was correct in its holding that the facts did not bring the case within any of the exceptions to the Act so as to prevent defendants’ discharge in the bankruptcy court. See De Latour v. Lala, 15 La.App. 276, 131 So. 211 (1930); 8B C.J.S. Bankruptcy § 573d (1963).
The De Latour case is very similar to the present case and the Court, in that case, said:
We conclude that the plaintiff has failed to establish by a preponderance of the evidence that he was misled and relied upon the defendant’s statement that the latter had a lot of outstanding accounts and, as soon as he collected them, *673 he would pay, in extending further credit to him, and that the defendant, in making such statement, had any intention of defrauding the plaintiff. (15 La.App. at 278, 131 So. at 212)
The judgment of the trial court, therefore, will be affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.