430 So.2d 149 (1983)
Billy O'Dolphus HOFFMAN, Plaintiff-Appellant,
v.
Faye HOFFMAN, Defendant-Appellee.
No. 15242-CA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
Daryl Blue, North La. Legal Assistance Corp., Tallulah, for plaintiff-appellant.
C. Calvin Adams, Jr., Tallulah, for defendant-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
The father appeals that portion of a divorce judgment making past due child support of $3,566.63 executory. We reverse that portion of the judgment and render judgment rejecting the mother's demands for past due child support.
The litigants were married in 1954 and had four children, all of whom reached majority before the father sued for a final divorce in January 1982. The mother sought a legal separation and child support of $250 monthly in 1979. On June 22, 1979, she was awarded a judgment granting her custody of the three minor children and ordering the father to pay "($75.00) per month child support for the children." In 1981 she obtained a default judgment awarding her a legal separation.
When the father sued for divorce in 1982, he alleged that he had been paying $250 per month child support and asked that child support be terminated because the three children had reached majority. The mother reconvened and sought $3500 in past due child support. The father testified about what he had paid and that his obligation under the judgment was $75 per month. The mother did not contradict this.
The trial court ruled that the father had judicially confessed the $250 per month obligation and owed that amount for 29 months ($7,250), less credits for amounts paid ($3,683.37), and rendered judgment for $3,566.63. A judicial confession under CC Art. 2291 must be explicit and not merely implied. X-L Finance Company v. LeDoux, 215 So.2d 164 (La.App.3d Cir.1968). The judgment of June 22, 1969, for $75 per month child support "for the children" clearly established the husband's obligation. We cannot construe children as singular. The mother's argument in this respect fails, also because $75 × 3 is not $250.
That part of the judgment awarding past due child support is reversed and judgment is hereby rendered rejecting the mother's demands for past due child support. Costs relating to this appeal are assessed to the mother.
REVERSED AND RENDERED.