57 So.2d 786 (1952)
MORRIS FINANCE & LOAN, Inc.
v.
DICKERSON.
No. 3509.
Court of Appeal of Louisiana, First Circuit.
March 24, 1952.
Gladney, White & May, Baton Rouge, for appellant.
Allison R. Kolb, J. C. Dabadie, Jr., Baton Rouge, for appellee.
LOTTINGER, Judge.
This is a suit by Morris Finance & Loan, Inc., to collect the balance due on a note from a debtor who went into bankruptcy after issuance of the note and was subsequently discharged in bankruptcy. The defense is that the debt represented by the note was discharged in the bankruptcy proceeding. Plaintiff alleged, however, and offered evidence to prove, that on January 24, 1949, when defendant applied for and obtained the loan, defendant executed in his own handwriting and delivered to plaintiff his signed financial statement as an inducement to the granting of the loan, which statement was materially false in that it listed total obligations amounting to only $750, whereas defendant in fact owed additional sums which he did not disclose amounting to over $3,000. Defendant, on the other hand, admits that, at the time of his loan, his obligations were in excess of $3,000, but claims that petitioner's representative advised him to include in the statement only his obligations to finance companies. He claims that the sum of $750 constituted all his obligations to finance companies at the time of the statement, and that the other obligations were to banks. *787 From judgment below in favor of defendant and rejecting petitioner's demand, petitioner has taken this appeal.
Section 17 of the Bankruptcy Act provides as follows: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as (first) are due as a tax levied by the United States, the State, county, district, or municipality in which he resides; (second) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due * * *." See Section 35, U.S.C.A. Title 11, Bankruptcy.
The question to be decided is whether the money was secured by false pretences or false representations so as to render the obligation an exception under the Bankruptcy Act.
Mr. Hubert Williams, the assistant manager, of petitioner was the person who represented petitioner in making the loan to defendant. He testified that he handed the loan application form to defendant and asked him to list all his obligations on the form; that, after he had handed the form to defendant, he left the room for a few moments, and upon his return to the room, the defendant had completed the form on which he had listed the following obligations.

Commercial Security, Baton Rouge,
 La. ........................... $400.00
Home Finance Co., Baton Rouge,
 La. ........................... 275.00
Peoples Finance, Baton Rouge, La. 75.00

Petitioner introduced affidavits showing that, at the time defendant filled out said application form, he owed obligations in excess of $3,000.
Defendant testified that Williams knew of the additional obligations but told him that it was not necessary to list any obligations that were not due finance companies. The obligations not listed by defendant were due banks. The loan to defendant was made on the basis of his application together with previous experience Mr. Williams had had with defendant. No credit references were secured on the defendant.
The lower court, in rendering its decision, stated as follows: "* * * The Court was favorably impressed with both Mr. Williams and Mr. Dickerson and in spite of the fact that there is some dispute between the testimony of each the Court is inclined to believe that each is telling the truth as best they could recall it. Two factors weigh in favor of the correctness of Mr. Dickerson's testimony, however. The first is that it would seem very logical and plausible Mr. Williams when the loan was applied for would ask and ascertain the purpose of the loan. This is more or less an accepted routine procedure of banks and finance companies in making loans. Furthermore, it would be more or less logical for Mr. Dickerson to voluntarily state why he needed this money. Second, if he did say he was building a house then certainly Mr. Williams knew that he would owe something on the house which was in the course of construction. This Court can take judicial cognizance of the fact that not one in a thousand pays cash for homes either purchased or constructed. Itermim financing is required for the construction and upon its completion long-term mortgage loans are obtained from institutions who make loans of that sort. Therefore, it seems quite probable to this Court that Mr. Dickerson did inform Mr. Williams that he was in the course of constructing his house and did owe some obligations in that connection, but that it was not felt necessary by either of the parties that these be listed in view of the fact that the equity in the house would offset the indebtedness due."
We disagree with the lower court in the above-quoted reasoning. Nowhere in the record does it appear that the petitioner knew that defendant had any equity in the house which was under construction. While it is possible that defendant might have disclosed full particulars of his obligations and the house under construction, we do not agree that such possibility was of such a force, or that same was sufficiently shown, to justify a judgment on that basis alone.
On one hand we have a signed statement of defendant listing his obligations. *788 These obligations were part of a financial statement of defendant and were to be a total listing of his obligations as of the time of the loan. The statement was filled in and signed by defendant. Mr. Williams testified that he told defendant to list all his obligations on the statement, and that he was led to believe that the statement, as handed him by defendant, was complete. Upon introduction of such evidence, the burden of proof shifted to defendant to prove otherwise. See Third National Bank v. Shatten, 6 Cir., 81 F.2d 538, and cases cited therein. The only evidence offered by defendant to sustain his burden was his testimony to the effect that Mr. Williams knew that the financial statement did not contain all his obligations.
We believe that the record in this matter clearly shows that misrepresentations were made by defendant in securing the loan. We are unable to appreciate the fact that the petitioner's representative would desire to have an applicant list only a portion of his obligations in his application for a loan. This we believe would especially not apply when the obligations to be omitted from the statement would happen to be the large ones. The defendant has not sufficiently sustained his burden of offsetting the proof of petitioner, and, thus, the judgment of the lower court will be reversed.
The balance due on the note sued upon was in the sum of $310.05, with interest at the rate of eight (8%) percent per annum from March 24, 1949, until paid, together with fifteen (15%) percent of the principal and interest as attorney fees. The balance due on the note, with interest and attorney fees, is not disputed by defendant.
For the foregoing reasons, the judgment of the lower court is reversed, and there is judgment herein in favor of petitioner, Morris Finance and Loan, Inc., and against defendant, William H. Dickerson, in the full sum of Three Hundred Ten and 05/100 ($310.05) Dollars, with interest thereon at the rate of eight (8%) per cent per annum from March 24, 1949, until paid, and fifteen (15%) percent of the principal and interest as attorney fees, and for all costs of this proceeding.
Judgment reversed.