PONDER, Judge ad hoc.
This is an action on a promissory note under the Small Loan Act, LSA-R.S. 6:571 et seq., which was originally for the sum of $300. After certain payments had been made, plaintiff alleges there is due the sum of $280.55, with interest and attorney’s fees as provided in the note.
To this petition the defendant filed exceptions of no cause or right of action, which he later requested to be and were referred to the merits and are not seriously urged here.
The defendant’s answer is one of general denial on pertinent allegations of plaintiff’s petition, with the affirmative allegation that he was granted a discharge from said note and debt sued on on March 28, 1960 by proceedings in bankruptcy in the District Court of the United States for the Eastern District of Louisiana. He further defends on the ground that he made no false representation or had any intention of defrauding the plaintiff at the time his application for loan was made and that the plaintiff well knew his financial status at that time.
The trial had in lower court resulted in judgment in favor of plaintiff. From this judgment the defendant has suspensively appealed.
Before proceeding with a discussion of this case, it will be observed that the loan was originally secured from Gravois Finance No. 3, Corporation, which subsequently became Cash Finance Service No. 3, Inc., by change of name only.
The evidence in this case reveals that the defendant made application to the plaintiff corporation to secure a loan on July 10, 1959. In connection therewith, there was confected and signed by the defendant a financial statement listing other creditors and the amounts due them. On the same date he signed a note for $300 and subsequently made payments which reduced the amount of the principal to $280.55. On November 6, 1959 the defendant filed a debtor’s petition and was adjudicated a bankrupt in proceeding No. 9846 in United States District Court for the Eastern District of Louisiana, in which he listed the plaintiff as a creditor for that sum. There is no evidence that the plaintiff appeared in that proceeding to assert its claim. In that proceeding, the defendant obtained a discharge on March 28, 1960, and this suit was filed June 6, 1960 to recover the balance due on the note. These are facts on which there is no disagreement between plaintiff and defendant, but there is a wide divergence and discrepancy in the evidence between the parties as to the confection of the financial statement and as to other proceedings had in connection with the securing and granting of the loan.
The pertinent provisions of the Bankruptcy Act which will be applied to the facts in this case provide:
Section 17 of the Bankruptcy Act (11) U.S.C.A. Sec. (35) provides:
“A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money of property by false pretenses or false representations * *
The uncorroborated testimony of the defendant herein is that on the date that the *81 loan was consummated he went to the office of the plaintiff corporation and a Miss Merna Riess was the only one present. That he made the application and began to fill out the financial statement, and that after listing the names and amounts of two creditors, the employee said she was in a hurry and advised him that she knew him and that it would not he necessary for him to fill out the remainder of the statement. That accordingly, the first two names of creditors and an indebtedness amounting to $1270 was filled in by him, but the names of the other creditors appearing on the financial statement, listing an indebtedness of $200 each, was not in his handwriting. He also denies that he filled in the word “none” on the statement listing himself as a maker or endorser of other notes. However, defendant admits his signature to the financial statement and to the note.
It is contended by the plaintiff herein that it relied upon the financial statement furnished by the defendant in making the loan, and that the statement was checked on by the manager of plaintiff corporation as best he could. There were three witnesses who testified on behalf of plaintiff with reference to furnishing the financial statement and the execution of the loan. One of these was Mr. George Luscy, who was the manager of the plaintiff corporation, who testified that the financial statement was executed by the defendant in his own handwriting in his presence and in the presence of Mr. Coleman Ruiz, who was then assistant manager (now manager) and Miss Jeanette Kuepferle, who was temporarily working at the time in relief of the regular employee, Miss Merna Riess, who was on vacation. The financial statement was witnessed by Mr. Ruiz and Miss Kuep-ferle.
The gist of the testimony on behalf of the plaintiff is that the defendant filled out the financial statement listing the five creditors and showing a total indebtedness to them of $1870. The financial statement further shows that defendant was an employee of Kaiser Aluminum & Chemical Corporation at a salary of $500 per month, and that based on the financial statement the loan was made, which was a new loan in the sum of $300. The evidence preponderates that Miss Merna Riess was on vacation at that time and was not present in the office during any of the proceedings had in connection with this loan.
On the other hand, defendant’s evidence is that the financial statement was forged in part; that this was not a new loan, but a partial renewal of an old loan and partially in new money; that Miss Merna Riess was the only one present when the loan was made and the financial statement furnished; all of which is disputed by the witnesses for the plaintiff.
Although the financial statement filed herein lists only five creditors and a total indebtedness of $1870, upon which plaintiff states that it relied, it is revealed by the statement of the debts in bankruptcy, which is filed herein, that there were numerous other creditors and that the total indebtedness of the defendant was approximately $14,000 more than the amount shown on the fianancial statement, representing claims, secured and unsecured, and also two notes on which the defendant was comaker. Plaintiff’s manager testified very emphatically that if this information had been available in the financial statement, or known to him, that he would not have made the loan.
One of the earlier cases construing the section of the Bankruptcy Act above quoted has been cited with approval in a large number of cases so that it has become very firmly rooted and embedded in our law, is the case of De Latour v. Lala, 15 La.App. 276, 131 So. 211, 212, in which it was held:
“Analyzing this language, it would appear to us that, before Section 17 (11 USCA § 35) would be 'applicable, the plaintiff must show: (1) That defendant made false representations; (2) that these representations were made with the intention of defrauding *82 the plaintiff, and' (3)' that the plaintiff relied upon and was misled by the false pretenses 'or representations.”
Counsel for defendant herein has cited in support of his position the following cases: Accounts Supervision Company v. Atley, La.App., 89 So.2d 508; Seybold Finance Service v. Schwaner, La.App., 102 So.2d 317; Equitable Securities Company v. Schwaner, La.App., 107 So.2d 330; Public Finance Corporation of Baton Rouge v. James, La.App., 119 So.2d 578; Excel Finance Mid City, Inc. v. Meilleur, La.App., 137 So.2d 503. Without reviewing them in detail, we do not find these cases apposite or applicable here for the reason that in most of them the plaintiff had not relied upon 'the financial statement of the defendant in granting the loans; also there were other factual situations in those cases which are different. Particularly, counsel for defendant urges in his brief that he relies strongly upon the case decided by this court of Excel Finance Mid City, Inc. v. Meilleur, La.App., 137 So.2d 503, in which it was held:
“[2] When a small loan company has been doing business satisfactorily with a borrower for many years, and has the means to check his financial responsibility, especially within its own organization, hut closes its eyes, it should be estopped to complain of misrepresentation. If it were otherwise, a creditor could easily make its credit or loan immune from discharge in bankruptcy by the simple expedient of closing its eyes to what is obviously not true, and easily detected.”
This case is easily distinguishable from the Meilleur .case for the reason that in that case the defendant was a perennial borrower, renewing his note from time to time over a period of approximately twelve years, and the loan had been made without any reliance ón the written application and other factors. Also it appears that in view of this’the plaintiff should have been familiar with1 the financial responsibility of the defendant and had access to means to check ' his financial responsibility and failed to do it.
In this case the evidence preponderates that the defendant had only made one loan from the plaintiff, which had been paid out approximately a year prior to the time that loan was made and note executed upon which this suit is based. The evidence also convinces us that the plaintiff made every effort to check as best it could the financial responsibility of the defendant from sources available to it.
We are of the opinion that the more apposite principles of law governing this case may be found in the cases of Morris Finance & Loan, Inc. v. Dickerson, La.App., 57 So.2d 786; CHF Finance Company, Inc. v. Jochum, La.App., 121 So.2d 373 (writs granted and judgment affirmed by the Supreme Court, 241 La. 155, 127 So.2d 534, which seems to be the latest expression of the Supreme Court on cases of this category) and Beneficial Finance Company of Louisiana v. Hill, La.App., 128 So.2d 209.
In the case of Beneficial Finance Company of Louisiana v. Hill, supra, the court referred to and cited with approval the case of Morris Finance & Loan, Inc. v. Dickerson, supra, and held:
“ * * * In the cited case, the defendant filed a financial statement in order to 'secure a loan, and listed his total obligations as $750, but omitted therefrom a sum in- excess of $3,000. The Court found that the defendant had knowingly rendered a false statement in order to secure a loan; and that the finance company had' relied on this statement in order to advance him money. Under these circumstances, the court held that the bankruptcy proceedings had not discharged the debt in question.”
We have not been favored with a a written opinion in this -case, but apparently the trial judge resolved these issues and the factual situation as-we do in this case, *83 in favor of the plaintiff and that the defendant had made false representations in his financial statement; that these representations were made with the intention of defrauding the plaintiff, and that the plaintiff had relied upon and was misled by the false pretenses or false representations.
Applying the above principles of law to the factual situation as we find it in the record, and for the reasons which are assigned herein, the judgment appealed from herein is affirmed. All costs of this appeal are assessed against the defendant and appellant.
Affirmed.