152 So.2d 331 (1963)
LIBERAL FINANCE GENTILLY, INC.
v.
Alcus A. BRISTER.
No. 5814.
Court of Appeal of Louisiana, First Circuit.
March 29, 1963.
*332 Raymond H. Saal, Covington, for appellant.
Meyer Sabludowsky, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This action by Liberal Finance Gentilly, Inc., (sometimes hereinafter referred to and designated as "Liberal") was instituted to obtain judgment against defendant, Alcus A. Brister, in the sum of $248.67, together with interest and attorney's fees, said sum allegedly representing the unpaid balance on Brister's note held by plaintiff. The note in question is dated September 1, 1959, and is in the principal sum of $300.00.
In defense of plaintiff's said claim, defendant affirmatively pleads plaintiff's recovery upon the note in question is barred by defendant's discharge in bankruptcy.
The trial court rendered judgment in favor of defendant, rejecting and dismissing plaintiff's suit. From the adverse judgment of the court below plaintiff has appealed.
This action was instituted by plaintiff on January 13, 1961. Subsequently, on March 13, 1961, defendant filed answer admitting having signed the note, otherwise denying the allegations of plaintiff's petition and asserting his discharge in bankruptcy in bar of plaintiff's right to judgment. On November 22, 1961, defendant excepted to the court's jurisdiction both ratione personae and ratione materiae on the ground defendant resided and was domiciled in the State of Mississippi and the contract herein sued upon was executed in the Parish of Orleans, Louisiana. The record does not reveal any disposition of said exceptions by the trial court. Defendant has not reurged his said exceptions either in argument or brief before this court.
The case proceeded to trial December 11, 1961, on which date the testimony of defendant and plaintiff's Manager, Elton Morrell, was taken. On January 22, 1962, the trial court filed of record the following reasons for judgment:
"A petition was filed herein to recover on a note signed by the defendant.
"An exception was filed showing the discharge of the defendant in bankruptcy.
"There is no allegation of fraud in plaintiff's petition. The defendant objected to any testimony in proof of fraud and in fact there is not much proof of fraud shown by the testimony.
"Mr. Brister filled out an application which was treated by the plaintiff as a financial statement.
"The plaintiff claims fraud on the theory that Brister didn't name all of his creditors in his application and it was stipulated that two other creditors (naming them) would testify that accounts were due them by Brister on the date of the application (claimed to be a financial statement).
"Evidently the first indication to Brister that creditors had been left off of the statement was on the day of the trial. Brister's reactions and reflexes were prompt and to the point and he testified that he filled out one report giving all the creditors but this was *333 too many to suit the Manager and that Brister had to fill out another form eliminating two of the creditors. The Manager denied this stating only one statement was given.
"The demeanor of Brister on the stand leads the Court to believe that he was telling the truth.
"The Court took the matter under advisement and suggested to the parties that they adjust their differences and reach some compromise. This, they apparently were unable to do.
"At the next term of Court, the exception of the defendant was maintained."
"These notes are filed with the record in lieu of formal reasons for the action of the Court."
No further action was taken or had herein until February 12, 1962, on which date defendant filed of record a certified copy of his discharge in bankruptcy decreed by the United States District Court for the Eastern District of Louisiana, New Orleans Division. Also on February 12, 1962, our learned brother below signed formal judgment in favor of defendant dismissing and rejecting plaintiff's demand at plaintiff's cost.
On appeal learned counsel for appellant contends the trial court erred in concluding defendant offered sufficient and adequate proof of his alleged discharge in bankruptcy. Alternatively, appellant argues the trial court also erred in rejecting appellant's contention that the debt herein sued upon was not discharged by defendant's alleged discharge in bankruptcy because the loan evidenced by the note in question was obtained by defendant through fraudulent misrepresentation. In this regard, appellant expressly pleads the provisions of Section 1(17) of the Bankruptcy Act, 11 U.S.C.A. § 35(a) (2) to the effect that a discharge in bankruptcy releases the debtor from all provable debts excepting, inter alia, liability for obtaining property or money by false pretense or false representation.
Considering first plaintiff's contention the record is devoid of evidence properly proving defendant's discharge in bankruptcy, we note that at the trial held December 11, 1961, while defendant did not testify unequivocally that he had taken bankruptcy, the clear import of his evidence is that since executing the note sued upon by plaintiff he had been discharged from the claim by an adjudication of bankruptcy.
In oral argument before this court esteemed counsel for appellee contends that, although the record does not so reflect, at the trial held December 11, 1961, the trial court orally permitted appellee additional time in which to obtain and file of record documentary evidence of defendant's bankruptcy discharge, it being understood that no formal judgment would be rendered in this matter until such evidence was in fact adduced. Learned counsel for appellee further argues that, predicated upon this understanding, he obtained and filed of record the certified copy of bankruptcy discharge filed herein February 12, 1962, and upon submission of such proof the learned trial judge signed formal judgment dismissing plaintiff's claim.
It is the contention of appellant that the bankruptcy discharge appearing of record was not introduced in evidence during the trial or at any other time, but merely filed of record, consequently, it may not be considered by the court in disposing of the present matter. Assuming, for argument's sake, counsel for appellant is correct in this contention, we find that the record otherwise contains evidence of defendant's bankruptcy discharge. As previously shown, defendant's testimony clearly indicates a prior bankruptcy discharge without any objection thereto having been offered by appellant at the trial.
On appeal counsel for appellee contends appellant is estopped from proving *334 that the loan secured by appellee was obtained by means of false representation because appellant did not affirmatively so allege in appellant's petition. This contention, of course, is clearly without merit. Considering our rules of pleading admit of no rejoinder or reply by plaintiff, a petitioner is not required to anticipate possible defenses which may be advanced by defendant. Our statutes and jurisprudence are well settled to the effect that all pleas tendered by defendant in answer are deemed denied by plaintiff who, without replication, may assert in bar thereof estoppel or any other legal theory or principle applicable under the circumstances attending the particular case. Article 852 LSA-C.C.P.; Rube v. Pacific Insurance Company of New York, La.App., 131 So.2d 240; Galiano v. Galiano, 213 La. 332, 34 So.2d 881.
Appellant concedes that to prevail under its alternative contention that defendant's discharge in bankruptcy was barred by defendant's alleged fraud, appellant, pursuant to the holding in Beneficial Finance Company of Louisiana v. Hill et al., 128 So.2d 209 and CFH Finance Company v. Jochum, 241 La. 155, 127 So.2d 534, and other authorities, must establish (1) that defendant made false representations in obtaining the loan; (2) that the false representations made were made with the intention of defrauding plaintiff, and (3) that plaintiff relied upon and was misled by defendant's false representations.
Defendant acknowledges that upon making application for the loan he was required by plaintiff's Manager, Morrell, to make a written financial statement listing all outstanding debts and obligations owed by defendant as of the date of application. According to defendant, he first prepared a written statement listing all his liabilities including a balance of approximately $1,132.92 owed one Lester King Solomon and also an account with Progressive Finance Company on which defendant owed a balance of about $510.00. Defendant further stated that he presented the list to Morrell who examined it and informed defendant that defendant's liabilities were such that the requested loan could not be approved. Brister further testified that upon the suggestion and advice of Morrell and with Morrell's full knowledge and acquiescence, a second financial statement was prepared and signed omitting from defendant's listed liabilities the balances owed Lester King Solomon and Progressive Finance Company aggregating slightly more than $1,600.00.
While defendant frankly and freely concedes he knew such conduct amounted to false representation and likewise knew he was doing wrong in this regard, his only attempt at justification of such highly improper conduct is his explanation that he did so upon the advice and suggestion of plaintiff's Manager, Morrell.
Elton Morrell, called as a witness on behalf of appellant, stoutly denied having suggested to defendant that the accounts in question be deleted and omitted from defendant's financial statement. Morrell also testified plaintiff corporation made at least one prior loan to defendant and that he, Morrell, had no reason to suspect that defendant would misrepresent the extent of his outstanding obligations to obtain a loan. Additionally, Morrell testified he relied upon the financial statement submitted by defendant and that if he had known of the omissions in question, defendant's application for a loan would have been denied. In this regard Morrell stated that defendant's statement revealed outstanding obligations in the sum of $3,915.70, including $3,100.00 owed a savings and loan association. According to Morrell, the added $1,600.00 represented by the omitted accounts would have obligated defendant to additional monthly payments of $66.00 beyond what defendant already showed on the statement and such condition of defendant's affairs would have precluded a loan by plaintiff since defendant's income was incapable of discharging such additional indebtedness.
*335 In urging dismissal of plaintiff's demand, counsel for appellee correctly argues that the burden of proof is upon plaintiff to prove defendant's alleged fraud by clear and convincing evidence since fraud is never presumed. In this regard esteemed counsel cites DeLatour v. Lala, 15 La.App. 276, 131 So. 211; McClatchey v. Guaranty Bank & Trust Co., 228 La. 1103, 85 So.2d 6, and Accounts Supervision Company v. Atley, La.App., 89 So.2d 508. Predicated upon the foregoing authorities, learned counsel for appellee contends the record in the case at bar is devoid of proof of fraud and that plaintiff has failed to discharge the burden incumbent upon plaintiff to prevail herein.
The issue thus presented is purely one of fact. While we have on innumerable occasions reiterated the rule that the finding of a trial court on an issue of fact is entitled to great weight and will not ordinarily be disturbed on appeal, the instant case presents a situation wherein we believe an erroneous conclusion has been reached by the trial court necessitating our reversal of the lower court's judgment.
In concluding that the first indication defendant had regarding the falsification of the financial statement given plaintiff was on the day of trial, our respected brother below fell into error. The record clearly reveals that not only was defendant fully aware of the falsification at the time the statement was made but also that at that time he was likewise cognizant of his wrongdoing in this respect. As herein previously shown, defendant unhesitatingly admitted having withheld the information in question.
We likewise find that our esteemed brother below fell into error in accepting the testimony of an admitted prevaricator under the circumstances shown in the case at bar.
Conceding the correctness of appellee's contention that fraud is never presumed and that proof of fraud must be tendered by clear and convincing evidence, we can think of no clearer or convincing proof than that shown herein, namely, the sworn admission of guilt coming from the lips of the party accused.
The evidence in the case at bar convinces us that plaintiff's Manager, Morrell, was unaware of defendant's aforesaid false representation; that defendant willfully and intentionally falsified the financial statement in question; that the misrepresentation shown was with the intention of defrauding plaintiff and that plaintiff relied thereon to plaintiff's detriment.
In view of the circumstances shown, it follows that defendant's obligation to plaintiff herein was not discharged by defendant's bankruptcy.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court in favor of defendant rejecting and dismissing plaintiff's demand be and the same is hereby reversed, annulled and set aside and judgment rendered herein in favor of plaintiff, Liberal Finance, Gentilly, Inc., and against defendant, Alcus A. Brister, in the full sum of Two Hundred Forty-eight and 67/100 ($248.67) Dollars, together with interest at the rate of Three and one-half (3½%) per cent per month on One Hundred Fifty ($150.00) Dollars from April 1, 1960, until paid, but not later than December 7, 1961, and interest at the rate of Two and one-half (2½%) per cent per month on Ninety-eight and 07/100 ($98.07) Dollars from April 1, 1960, until December 7, 1961, and interest on the entire balance of principal from December 7, 1961, at the rate of Eight (8%) per cent per annum, until paid, together with attorney's fees on said principal and interest of Twenty-five (25%) per cent, and all costs of these proceedings both in the trial court and on appeal.
Reversed and rendered.