176 So.2d 170 (1965)
SEABOARD FINANCE CORPORATION
v.
Bert R. STIPELCOVICH.
No. 1868.
Court of Appeal of Louisiana. Fourth Circuit.
June 7, 1965.
*171 Henican, James & Cleveland, C. Monk Simons, III, New Orleans, for plaintiff-appellant.
Defendant absent and unrepresented.
Before McBRIDE, YARRUT and SAMUEL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit on two promissory notes, one dated December 15, 1959, payable to bearer and endorsed to the order of plaintiff without recourse by Hooper Stove House, and the other dated January 4, 1960 endorsed without recourse to the order of plaintiff by the payee, Raymond von Derhaar, d/b/a Ace Upholstery Shop. The petition alleges that defendant's name is Bert R. Stipelcovich but he signed and executed both notes as "Bert Robert Shane", an assumed name used by him to mislead and defraud the plaintiff; defendant made only two payments on each note, both were in default, and the entire principal balances thereon were due and owing, together with interest and attorney's fees. On December 5, 1962 plaintiff obtained a judgment by default in the total amount of $541.15, the combined balances due on both notes, plus interest and attorney's fees.
On July 21, 1964 plaintiff filed another petition in which it alleged the defendant recently had been adjudicated a bankrupt in the United States District Court for the Eastern District of Louisiana; in defendant's schedule of debts in that proceeding he had listed the obligation represented by the promissory notes upon which this suit was brought; and that, as the loans had been obtained by false pretenses and misrepresentations, the obligation was not dischargeable in bankruptcy. The petition prayed for, and the court granted, a rule to show cause why the default judgment should not be declared a nondischargeable debt in bankruptcy and why plaintiff should not execute the same. Plaintiff has appealed from a judgment recalling and setting aside the rule.
Three witnesses testified on the trial of the rule. They were the defendant, who testified only when called under the act for cross-examination, and two persons in plaintiff's employ when the loans were made and for some time thereafter.
The defendant's testimony was as follows: He admitted his name was Bert *172 Stipelcovich and that he had signed and executed the two notes using the assumed or false name, "Bert Shane". The first note was given in connection with a stove and refrigerator he purchased from Hooper Stove House. In his own words: "I had had a lot of credit before and got myself into a lot of debt, and I told the man I needed credit, but it was sort of shakey. He asked me at that time if I had any idea of changing my name, and I said, `Yes, I would, but I couldn't afford to go to Court.'" He was assured by the salesman that the necessary credit could be obtained if he used another name and he did so, using the name of Shane, and thus obtained the loan represented by the first note. The second note, executed less than one month after the first, was used to pay for upholstery work performed by Ace Upholstery Shop. In connection with that transaction he contacted "somebody" at plaintiff's place of business and informed that person he would like plaintiff to buy the upholstery work contract but he wanted plaintiff to know his name was Stipelcovich because he did not want to get into any trouble. The man to whom he talked informed him it wasn't a good idea to use the other name but as long as he was paying his bill it would be all right. After the conversation he obtained the second loan using the name Shane.
The substance of the testimony given by plaintiff's two witnesses is as follows: In accordance with the usual business practice, which corresponded to the practice of other similar companies, the purchases of the two contracts were handled entirely by telephone with the respective dealers. Plaintiff was not aware it was dealing with a man named Stipelcovich, and believed it was dealing only with a person named Bert Shane, until several months after the accounts had become delinquent. The defendant's financial responsibility was checked through the normal channels available to plaintiff for credit clearance but only under the name "Shane", the name by which the defendant was known to the plaintiff. The loans were approved and accepted on the basis of the information thus obtained. If plaintiff had known the defendant was in debt to other companies, as would have been revealed by checking the name "Stipelcovich", or that he was in "a lot of debt", as he admitted in his testimony on cross-examination, plaintiff would not have bought the defendant's contracts or loaned money to him.
Under Section 17 of the Bankruptcy Act a discharge does not have the effect of releasing the bankrupt from liability for obtaining money or property by false pretenses or false representations. The pertinent provision reads as follows:
"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * *; (2) are liabilities for obtaining money or property by false pretenses or false representations, * * *." 11 U.S.C.A. § 35.
Before the quoted exemption from discharge in bankruptcy can be applicable it is incumbent upon the plaintiff to show that: (1) the defendant made false representations; (2) those representations were made with the intention of defrauding the plaintiff; and (3) the plaintiff relied upon and was misled by the false representations. C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534; Beneficial Finance Company, Inc. v. Gardache, La.App., 164 So.2d 132; Cash Finance Service No. 3, Inc. v. Rhoden, La.App., 145 So.2d 79; De Latour v. Lala, 15 La.App. 276, 131 So. 211.
However, when the plaintiff has shown that the defendant made false representations with the intention of defrauding the plaintiff and has obtained the credit as a result of plaintiff relying upon and being misled by those representations, the burden then shifts to the defendant to disprove an intent to defraud. Liberal Finance Corporation v. Holley, La.App., 157 *173 So.2d 376; C H F Finance Company v. Corca, La.App., 152 So.2d 830; Earl Staehle Finance, Inc. v. Brooks, La.App., 144 So.2d 155; Morris Finance & Loan v. Dickerson, La.App., 57 So.2d 786.
The rule is so stated in the cited cases. But the proper rule may be that the burden shifts to the defendant to disprove an intent to defraud after the plaintiff has established only that the defendant made false representations and plaintiff relied upon and was misled by those representations; in order to shift the burden to the defendant, it may not be necessary for plaintiff to prove an intent to defraud. The basic authorities relied upon in the cited cases, Collier on Bankruptcy, 14th Ed., Vol. 1, Sec. 1440 and Third Nat. Bank v. Schatten, 6 Cir., 81 F.2d 538, together with logic, are to that effect. However, as we are convinced that plaintiff in the instant case has established defendant's intent to defraud, the question is not before us and we find no necessity to do anything more than mention it.
In the instant case we are satisfied that the plaintiff has sustained the burden imposed upon it. Clearly, the defendant's use of the assumed name of "Shane" was a false representation. In the absence of any additional facts or explanation, the inescapable conclusion resulting from the defendant's own admission that he used the assumed name because he was heavily in debt and, in effect, unable to obtain a loan if his true identity was known, is that the defendant intentionally used the assumed name solely for the purpose of misleading and defrauding plaintiff. And finally, the record establishes that plaintiff was misled by the use of the assumed name and would not have extended the credit had it known defendant's true name.
The defendant has not sustained his burden of negating an intention to defraud. His only attempt to do so was his testimony, uncorroborated by any other evidence and denied by plaintiff's witnesses, that he contacted "somebody" at plaintiff's place of business prior to the second loan and informed them that his name was not Shane but Stipelcovich; he didn't know the name of that "somebody" and failed to identify him in any way. This testimony, even if true, could not affect the first transaction. Nor does it affect the second for the simple reason that, after a careful examination of the entire record, we do not believe it to be true.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the rule taken in these proceedings by plaintiff, Seaboard Finance Corporation, on October 1, 1964, be made absolute and, accordingly, the judgment rendered herein on December 5, 1962 in favor of plaintiff and against the defendant, Bert R. Stipelcovich, is now declared to be a nondischargeable debt in bankruptcy and a judgment which the plaintiff may execute; all costs in both courts to be paid by the defendant, Bert R. Stipelcovich.
Reversed.