GULOTTA, Judge.
Plaintiff-appellee, King Finance Company of New Orleans, Inc., has instituted the proceeding against defendant-appellant, James T. Howard, to recover $113.59 together with interest, costs and attorney’s fees. Said amounts represent the alleged balance due on defendant’s obligation on a certain promissory note executed by him on October 7, 1968, with plaintiff as the named payee. Defendant answered plaintiff’s petition and pleaded as an affirmative defense thereto his discharge in bankruptcy. However, it is plaintiff’s assertion that this was not a dischargeable debt because defendant allegedly falsely represented his financial situation to plaintiff and in reliance thereon plaintiff granted him the loan for which he gave the note sued upon. From an adverse judgment, defendant, James T. Howard, has prosecuted the appeal.
The facts of the matter are essentially as follows:
James T. Howard had been a client of King Finance Company of New Orleans, Inc., for a period of approximately two years prior to the time the instant loan was made. During this time, he was considered as “fair to prompt” in the payment of his loan installments as they fell due. However, at the time the instant loan was made, Mr. Howard was a month in arrears on a previous loan. The loan in question represented the refinancing of his old debt of $162.00 plus the extension of an additional $58.00 in credit to him.
On the same day that defendant signed the promissory note which forms the basis of this litigation, he also signed a financial statement which purports to list his outstanding liabilities on that date. It is undisputed that this statement is not an accurate reflection of Mr. Howard’s financial situation at the time. On the date in question, Mr. Howard’s liabilities were in excess of $2,000.00 although the statement refers to less than $500.00 of debts, $162.00 of which were enumerated as being owed to King Finance on the note which was being refinanced. Hence, plaintiff’s contention that Mr. Howard’s debt was not dischargeable in bankruptcy because defendant made intentional false representations which were relied upon by plaintiff to approve the refinanced loan.
Throughout the proceedings, defendant has objected to the introduction of any evidence tending to show fraud on his part in the contracting of the loan. He has contended that fraud must be pleaded affirmatively and alleged with particularity before any evidence may be received relative thereto. Since plaintiff did not amend its original petition to so allege fraud after defendant had pleaded a discharge in bankruptcy, it is contended that such' evidence is inadmissible.
We are of the opinion that defendant’s position in this respect is untenable. In Carville PHS Employees Federal Credit Union v. Jones, La.App., 221 So.2d 905 (1969) the court held that evidence tending to show fraudulent misrepresentations in the procurement of a loan was admissible without first the necessity of an affirmative pleading of fraud having to be filed. In that case, as in this matter, the defendant had set up his discharge in bankruptcy as a defense to a suit on a note. In reaching its conclusion, the court stated in part as follows:
“ * * * it is well settled that in a suit for money loaned, where defendant has pleaded a discharge in bankruptcy, evidence tendered to prove the loan was obtained through fraudulent representation was admissible without replication by plaintiff alleging such fraudulent representation. LSA-C.C.P. Article 852. Liberal Finance Gentilly, Inc. v. Brister, 152 So.2d 331 (La.App. 1st Cir. 1963); Beneficial Finance Company of Louisi *318 ana v. Lathrop, 207 So.2d 220 (La.App. 4th Cir. 1968).”
We are, therefore, of the opinion that evidence of fraudulent misrepresentations was admissible without replication by-plaintiff alleging fraud.
However, we are not convinced that plaintiff, in making the loan, relied upon the inaccurate information contained in defendant’s financial statement.
The record reflects that, although defendant’s signature appears thereon, defendant himself did not fill in the information contained on the statement. Rather it was completed by the assistant manager of the plaintiff corporation. Moreover, when cross-examined as to whether he informed defendant that it was necessary to list only some of his debts rather than all the assistant manager answered evasively that a borrower was “supposed to list everything” he owed but did not deny that he had so instructed defendant.
In addition, the manager of plaintiff corporation stated that the principal consideration in his making the loan was the fact that defendant was gainfully employed at a salary of $140.00 per week. Of particular note is the fact that plaintiff corporation went to the trouble of checking the accuracy of defendant’s statement relative to salary and employment which he had likewise listed on the financial statement but did not attempt to verify any of his debts.
This court is, therefore, of the opinion that in making the loan to defendant, plaintiff relied on plaintiff’s past experience with defendant, its knowledge that heretofore he had been a fair to prompt client in making payments, and the fact that he was employed at a decent salary which it knew it could garnish should he default in payment.
Since this loan represented the extension of only $58.00 of additional credit to defendant, we cannot believe that the statement of defendant’s outstanding debts was of consequence in plaintiff’s granting this loan. Plaintiff verified the information which was of significance, i. e., defendant’s employment and salary. Had the information about defendant’s debts been important, this would have been verified also. This is particularly true because plaintiff herein was a member of the credit exchange and could easily have more fully determined defendant’s financial situation •had it considered it essential. In fact, it was admitted by the assistant manager in his testimony'that it was routine for plaintiff to make such a check before granting a loan. We can only conclude that the reason a check was not made was because it was of no importance to plaintiff in extending an additional $58.00 credit to defendant.
The law is well established that to negate the effects of a discharge in bankruptcy relative to a certain debt, the creditor must prove:
“(1) That defendant made false representations ; (2) that these representations were made with the intention of defrauding the plaintiff, and (3) that the plaintiff relied upon and was misled by the false pretenses or representations.” De Latour v. Lala, 15 La.App. 276, 131 So. 211 at page 212 (1930); CHF Finance Company, Inc. v. Jochum, 241 La. 155, 127 So.2d 534 (1961); CHF Finance Discount Company, Inc. v. Rhodes, 237 So.2d 701 (La.App., 4th Cir. 1970).
In this matter, we find no reliance on the part of plaintiff and, therefore, the judgment appealed from must be reversed.
For the foregoing reasons, the judgment of the trial court is reversed, and plaintiff’s suit is dismissed. Costs of this proceeding are to be borne by plaintiff-appel-lee.
Reversed.