STOULIG, Judge.
This appeal lies from a judgment in favor of plaintiff-appellee, King Finance Company of New Orleans, Inc., exempting a promissory note of defendants-appellants, Ethel Coleman, wife of and Felton Johnson, from his discharge in bankruptcy and rendering judgment thereon together with interest, attorney’s fees, and costs.
The salient facts are that on August 27, 1970, King Finance filed suit against the Johnsons for $691.45, representing the unpaid balance of a $792 promissory note signed by Johnson and his wife in favor of King Finance on November 14, 1968. The Johnsons answered setting forth a general denial and specifically pleading the special defense of his discharge in bankruptcy on May 20, 1970. At the trial the plaintiff gave evidence of fraud on the part of Johnson in that he submitted a false financial statement on which the company relied in making the loan. The court found that on this basis the note was exempted from Johnson’s discharge in bankruptcy.
Appellants complain that the trial court érred in (1) allowing the introduction of ¡¿evidence pertinent to fraud without prior ¡notice, and (2) holding that Johnson’s debt vfas not one dischargeable in bankruptcy. W-e do not agree with either of these contentions.
This court has very recently considered the identical contention regarding thi necessity for pleading of fraud. In the cas^e of King Finance Co. of New Orleans, Inc. v. Howard, 265 So.2d 316 (1972), it was observed as follows:
“Throughout the proceedings, defendant has objected to the introduction of any evidence tending to show fraud on his part in the contracting of the loan. He has contended that fraud must be pleaded affirmatively and alleged with particularity [LSA-C.C.P. art. 856] before any evidence may be received relative thereto. Since plaintiff did not amend its original petition to so allege fraud after defendant had pleaded a discharge in bankruptcy, it is contended that such evidence is inadmissible.
“We are of the opinion that defendant’s position in this respect is untenable. In Carville PHS Employees Federal Credit Union v. Jones, La.App., 221 So.2d 905 (1969) the court held that evidence tending to show fraudulent misrepresentations in the procurement of a loan was admissible without first the necessity of an affirmative pleading of fraud having to be filed. In that case, as in this matter, the defendant had set up his discharge in bankruptcy as a defense to a suit on a note. In reaching its conclusion, the court stated in part as follows:
‘ * * * [I]t is well settled that in a suit for money loaned, where defendant has pleaded a discharge in bankruptcy, evidence tendered to prove the loan was obtained through fraudulent representation was admissible without replication by plaintiff alleging such fraudulent representation. LSA-C.C. *660 P. Article 852. Liberal Finance Gentilly, Inc. v. Brister, 152 So.2d 331 (La.App., 1st Cir. 1963); Beneficial Finance Company of Louisiana v. Lathrop, 207 So.2d 220 (La.App. 4th Cir. 1968).’
“We are, therefore, of the opinion that evidence of fraudulent misrepresentations was admissible without replication by plaintiff alleging fraud.”
We reaffirm this holding.
The jurisprudence has consistently held that to exempt a debt from a discharge in bankruptcy on the basis of fraud the creditor must show that (1) the debtor made false representations, (2) he did so with the intention of defrauding the creditor, and (3) the creditor relied upon or was misled by these falsities in extending the credit. C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 (1961); King Finance Co. of New Orleans, Inc. v. Howard, supra; De Latour v. Lala, 15 La.App. 276, 131 So. 211 (La.App.Orl.1930).
In the instant case, as in most, the fact of false representations is not at issue. The Johnsons have conceded that his financial statement did not accurately represent his debt status, that his actual debts were far in excess of those shown. However, they attack the sufficiency of King Finance’s proof of his intent to defraud and its reliance on the misrepresentations.
Intent to defraud is often difficult to prove directly. It is frequently inferred from actions and the circumstances pertinent thereto. As was observed in Beneficial Finance Company of Louisiana v. Lathrop, 207 So.2d 220, 222 (La.App. 4th Cir. 1968):
“ * * * We cannot probe the inner processes of defendant’s mind in order to determine intent. There is a trite truism that actions speak louder than words.
In this connection it is noted that the only debt independent of the balance on a prior loan from King that was listed by Johnson was for $150, while his actual indebtedness independent of King Finance was $1,051.-67. This latter sum consisted of a $20 debt on a purchase and a note balance of $1,031.67. It is difficult to conceive how Johnson could have forgotten without motive this relatively large debt. Noting the differences in the amounts listed and actually owed and considering that the John-sons were seeking an additional $293 above the refinancing of his current (King Finance) loan balance, we hold there was a reasonable evidentiary basis for finding intention to defraud.
Appellants maintain that the only consideration for the loan was his income indicating an ability to pay and his previous and current association with King Finance. The company’s reliance on the financial statement was positively testified to by its manager, Martin Jones. Mr. Jones indicated that it is King Finance’s policy to base loans on income and the financial statement. Certainly the financial statement, if valid, determines whether the borrower’s income will be sufficient to sustain the periodic costs of repayment in view of other previously contracted commitments, thus constituting reliance on the statement. Furthermore, this court has previously held that even partial reliance is sufficient, emphasizing that the jurisprudence in the federal courts is uniform to this effect. C H F Finance Company v. Corca, 152 So.2d 830 (La.App. 4th Cir. 1963).
We also observe that the cash advance received by the Johnsons was $293, which represents approximately 37 percent of the total loan of $792. This increase of a relatively substantial amount of additional funds is one of the factors which distinguish it from the case of King Finance Co. of New Orleans v. Howard, supra, where only $58 of additional funds were involved. Another distinction is that in the Howard case the defendant’s payment record was *661 rated “fair to prompt”; whereas in this matter the Johnsons were classified as “slow payers” and the account considered “just fair.” Finally, in the Howard case the court found that the finance company did not diligently attempt to verify the accuracy of the financial statement, and therefore concluded that the lender did not rely upon it in making the loan. In the instant case, based upon the uncontroverted testimony of appellee’s manager that Johnson’s employment was confirmed and the correctness of his account verified with the exchange before the loan was approved, we find that the finance company did rely upon and was influenced by this statement in the granting of the loan.
When the plaintiff has sufficiently established a concurrence of the three requisite elements of misrepresentation, intent, and reliance necessary to exempt a debt from discharge in bankruptcy because of fraud, the burden shifts to the debtor to refute an intent to defraud. Beneficial Finance Company of Louisiana v. Lathrop, supra; Seaboard Finance Corporation v. Stipelcovich, 176 So.2d 170 (La.App. 4th Cir. 1965); C H F Finance Company v. Corca, supra. Here, defendants-appellants have not sustained that burden. Johnson neither testified himself nor offered other testimony. He was not even present at the trial for the purpose of identifying his discharge in bankruptcy, which was nevertheless admitted into evidence without objection. Furthermore, counsel for appellants cannot be heard to suggest that anyone other than Johnson completed the financial statement, since that statement was sitpulated into evidence as was the fact that King Finance’s employee served only as a witness thereto. In short, defendants-appellants have presented no contravening evidence.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.