CHEHARDY, Judge.
Defendant, Barbara J. Nauer, appeals from a trial court judgment in favor of plaintiff, Katz & Besthoff, Inc. (K & B), and against the defendant in the amount of $575.47 with interest from judicial demand until paid and for all costs of the proceedings.
It was uncontroverted in the trial court that during the months of June and July, *970 1977, Nauer cashed a total of 26 checks at various K & B stores amounting to a total of $575.47, for which she received cash. All of the checks, which were part of the plaintiff’s exhibits viewed by this court, were returned to K & B marked “N.S.F.”
Howard Kottemann, a credit manager of K & B, stated the checks could be identified as those exchanged at the stores for legal tender or merchandise, and not for payment on the account, because the customer’s credit card was embossed on the back of the checks, as is the store’s policy for exchanging checks for tender.
Kottemann also testified that Nauer cashed checks at the following times, locations, and in the following amounts:
June 22, 1977, Check No. 108 for $20 at Store No. 4 located at Oak and South Carrollton Streets.
July 4, 1977, Check No. 383 for $20 at Store No. 3, located at Louisiana and Saint Charles Avenues.
July 4, 1977, Check No. 384 for $20 at Store No. 10, located at Saint Charles and Napoleon Avenues.
July 4, 1977, Check No. 386 for $20 at Store No. 4.
July 5, 1977, Check No. 388 for $20 at Store No. 3.
July 7, 1977, Check No. 392 for $20 at Store No. 5, located at Saint Charles Avenue and Broadway Street.
July 7, 1977, Check No. 393 for $20 at Store No. 4.
July 9, 1977, a check for $20 at Store No. 5.
July 11, 1977, Check No. 351 for $20 at Store No. 4.
July 11, 1977, Check No. 352 at Store No. 24, located at South Carrollton and Claiborne Avenues.
July 13, 1977, Check No. 356 at Store No. 24.
July 13, 1977, Check No. 357 at Store No. 6, located at Napoleon and South Claiborne Avenues.
July 13, 1977, Check No. 358 for $25 at Store No. 10.
July 14, 1977, Check No. 359 at Store No. 10.
July 15, 1977, Check No. 360 at Store No. 24.
July 16, 1977, Check No. 362 for $25 at Store No. 3.
July 16, 1977, Check No. 363 for $25 at Store No. 10.
July 16, 1977, Check No. 364 at Store No. 5.
July 16, 1977, Check No. 365 for $25 at Store No. 4.
July 16, 1977, Check No. 366 at Store No. 24.
July 17, 1977, Check No. 370 for $25 at Store No. 5.
July 18, 1977, Check No. 371 at Store No. 4.
July 18, 1977, Check No. 368 at Store No. 3.
July 18, 1977, Check No. 369 for $25 at Store No. 10.
July 23, 1977, Check No. 375 for $20 at Store No. 10.
Part of the plaintiff’s exhibits was a letter dated July 23, 1977, signed by Nauer and addressed to Kottemann, assuring him that whatever amount was due and owing by her to the K & B stores would be forwarded to him as soon as the offices of her employer opened on Monday and she could make the necessary arrangements. Also an exhibit in the case was a letter dated August 1, 1977, handwritten by Nauer, which stated that her employer had advanced monies to her and she would be sending money orders to cover the “N.S.F.” checks within “the next couple of days.” Kottemann testified, however, payment was never received by K & B.
On September 21, 1977, Nauer filed a petition for discharge of bankrupt in the United States District Court, Eastern District of Louisiana, and judgment was granted in her favor by the court, adjudging her a bankrupt, on December 28, 1977. Nauer’s attorney testified that, as part of the bankruptcy proceeding, he mailed to each of the defendant’s creditors, including K & B, a list of creditors; mailed each creditor notice for the first meeting of such; and fixed a *971 time for filing of objections to the discharge.
On December 13, 1977, K & B filed the present suit against the defendant, who answered the same, pleading the discharge in bankruptcy.
This court in the case of King Finance Company of New Orleans v. Johnson, 265 So.2d 658 (La.App. 4th Cir. 1972), addressed itself to the identical legal issues of concern in the present case and stated, regarding the necessity of the plaintiff to plead fraud, at pages 659-660:
“This court has very recently considered the identical contention regarding the necessity for pleading of fraud. In the case of King Finance Co. of New Orleans, Inc. v. Howard, 265 So.2d 316 (1972), it was observed as follows:
‘Throughout the proceedings, defendant has objected to the introduction of any evidence tending to show fraud on his part in the contracting of the loan. He has contended that fraud must be pleaded affirmatively and alleged with particularity [LSA-C.C.P. art. 856] before any evidence may be received relative thereto. Since plaintiff did not amend its original petition to so allege fraud after defendant had pleaded a discharge in bankruptcy, it is contended that such evidence is inadmissible.
‘We are of the opinion that defendant’s position in this respect is untenable. In Carville PHS Employees Federal Credit Union v. Jones, La.App., 221 So.2d 905 (1969) the court held that evidence tending to show fraudulent misrepresentations in the procurement of a loan was admissible without first the necessity of an affirmative pleading of fraud having to be filed. In that case, as in this matter, the defendant had set up his discharge in bankruptcy as a defense to a suit on a note. In reaching its conclusion, the court stated in part as follows:
“* * * [I]t is well settled that in a suit for money loaned, where defendant has pleaded a discharge in bankruptcy, evidence tendered to prove the loan was obtained through fraudulent representation was admissible without replication by plaintiff alleging such fraudulent representation. LSA-C. C.P. Article 852. Liberal Finance Gentilly, Inc. v. Brister, 152 So.2d 331 (La.App. 1st Cir. 1963); Beneficial Finance Company of Louisiana v. Lathrop, 207 So.2d 220 (La.App. 4th Cir. 1968).” ’ ”
We are also of the opinion that evidence of fraudulent misrepresentation was admissible without the replication by the plaintiff alleging fraud.
In King, supra, the court also stated:
, “The jurisprudence has consistently held that to exempt a debt from a discharge in bankruptcy on the basis of fraud the creditor must show that (1) the debtor made false representations, (2) he did so with the intention of defrauding the creditor, and (3) the creditor relied upon or was misled by these falsities in extending the credit. C H F Finance Company v. Jochum, 241 La. 155, 127 So.2d 534 (1961); King Finance Co. of New Orleans, Inc. v. Howard, supra; DeLatour v. Lala, 15 La.App. 276, 131 So. 211 (La.App.Orl.1930).” 265 So.2d at 660.
There can be no doubt that the defendant, in issuing these unredeemable checks, made false representations to K & B, i.e., her account at the bank contained sufficient funds to cover the checks which, in fact, it did not.
In regard to the second requirement, that of the intent to defraud, the court also said in King, supra, at page 660:
“Intent to defraud is often difficult to prove directly. It is frequently inferred form actions and the circumstances pertinent thereto. As was observed in Beneficial Finance Company of Louisiana v. Lathrop, 207 So.2d 220, 222 (La.App. 4th Cir. 1968):
** * * We cannot probe the inner processes of defendant’s mind in order to determine intent. There is a trite truism that actions speak louder than words. * * *.’”
*972 Noting the great number of checks that the defendant cashed during the month of July, 1977 at K & B stores, on several occasions as many as three and five checks in one day, as well as her pattern of going to many different K & B stores and limiting the amounts of the checks to a maximum of $20 to $25, we hold there was a reasonable evidentiary basis for finding intention to defraud.
The court in King, supra, also said:
“When the plaintiff has sufficiently established a concurrence of the three requisite elements of misrepresentation, intent, and reliance necessary to exempt a debt from discharge in bankruptcy because of fraud, the burden shifts to the debtor to refute an intent to defraud. Beneficial Finance Company of Louisiana v. Lathrop, supra; Seaboard Finance Corporation v. Stipelcovich, 176 So.2d 170 (La.App. 4th Cir. 1965); C H F Finance Company v. Corca, supra. * * *” 265 So.2d at 661.
In the present case defendant did not sustain that burden, nor was she even present at the trial in the district court to aid her attorney in his attempt to do so. Although her letters to Kottemann were written after the checks were already cashed by the stores and therefore cannot be construed as false statements upon which the plaintiff relied in cashing the checks, neither can the letters, alone, satisfactorily overcome evidence that indicates there was an intent to defraud on Nauer’s part. Rather, they indicate this intent was continued in an attempt to hold the creditor, K & B, at bay as long as possible with false promises of forthcoming payments.
Accordingly, the trial court judgment is affirmed in all respects.

AFFIRMED.